## City of Corsicana v. C. P. Kerr et al.

### No. 402.—Decided April 13, 1896,

**1. Writ of Error—Judgment Not Final—Settling Case.**

Under art. 941, sec. 8, Rev. Stats. (1895), when the decision of the Court of Civil Appeals reversing and remanding that of the trial court practically settles the case, writ of error will be granted by the Supreme Court as matter of course.

**2. Municipal Taxation—Local Assessments.**

Under arts. 544, 545, Rev. Stats. (1895), in order to the validity of an assessment for street improvement it must be shown that the report and list of property and owners to be affected by the levy of such tax were accepted and approved by the city council: Such approval is a condition precedent to the letting of a contract for the work. This not having been done in this case, the assessment for street improvement made upon the property of an abutting owner was void and furnished no ground for a recovery by the city nor authority to sell such abutting property.

Error to Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

The suit was brought by Kerr and others to enjoin the city from selling certain lots for the payment of assessments for street paving. The writ of injunction was granted but was dissolved on final hearing by the trial court. Plaintiffs appealed and the judgment was reversed and cause remanded, and the city procured writ of error on the ground that the opinion practically settled the case.

*McClellan & Prince* and *J. F. Stout,* for plaintiff in error.—The relief prayed for by appellants in their bill will not be granted until they tender the assessment due on their property, because art. 476 Rev. Stats., provides that the sale of property by the city for assessments due for improvement shall be governed by the provisions controlling tax sales, as shown in art. 447, Rev. Stats., and the latter article provides that the deed of the assessor and collector, among other things, shall be prima facie evidence "that the land had been listed or assessed in the time and manner required by law," and that "no person shall be permitted to question the title acquired by said deed without first showing  \*  \*  \*   that all taxes due upon the land have been paid." It follows therefrom that the assessment and levy cannot be questioned until taxes are paid.

The relief will not be granted to appellants until the assessments are paid because the city had jurisdiction of the subject matter of street paving and had a legal right to fix a lien on abutting property, and if it was proceeding illegally, the time to enjoin it was at the beginning of the work, and not after the work was finished, the contractor's rights attached, and the property of appellants benefited. Before restraining the sale equity will impose, as a condition, the payment of the assessments as a compensation for the benefits received by appellants with full notice and without objection.

The amount due by property owners is not a debt against the city with-

in the meaning of the Constitution, because the city is not liable therefor. If the property owners escape payment, the amount cannot be made up out of the general revenues of the city. The only way provided by law for the payment of the amount is by a levy on the abutting property. Therefore the amount the abutting owners owe cannot be computed as a part of the amount for which the city can issue bonds.

If the amount due by property owners is a debt of the city, no sinking fund has to be created out of the general revenues to pay same, because if such a sinking fund was created, at the maturity of the assessments there would be two equal amounts on hand to pay the debt, to-wit: the fund created out of the general revenues, and also the amount collected from the property owners. If the city were to issue bonds to pay off the contractor for the amount assessed against the property owners, those bonds would be provided for by collections from the property owners as their assessments fell due, and if, in addition thereto, the city created an independent sinking fund out of the general revenues, at the maturity of the bonds there would be two separate amounts sufficient to pay same in the treasury.

The General Charter law of the State, under which Corsicana is operating, does not call for an estimate of the probable cost of the improvement as a condition precedent to ordering the work, but the only estimate called for is the one that is assessed, levied, and imposed as a lien on the property, necessarily covering the actual cost and not the estimated cost, and must be made after the work is completed or so nearly so as to make the actual cost easily determined.

In Ellison v. City of Dallas, the engineer was required to make an immediate report of the probable cost, and thereafter the city was required to advertise for bids for the contemplated improvement, showing conclusively a preliminary estimate was called for, but the General Charter Law under which appellee is operating does not require bids to be advertised for, and does not require any estimate except the one imposed as a lien, which must be of the actual cost and not of the estimated cost.

The Court of Civil Appeals erred in holding that an estimate of the probable cost was a condition precedent to the letting of the paving contract, the failure to make which rendered the levy and assessment void. Frosh v. Galveston, 73 Texas, 401; City of Dallas v. Ellison, 30 S. W. Rep., 1128; Connor v. City of Paris, 87 Texas, 32; Allen v. City of Galveston, 52 Texas, 306; Flewellin v. Proetzel, 80 Texas, 191; City of Dallas v. Brown, 31 S. W. Rep., 302.

*Frost, Neblitt & Blanding,* for defendants in error.—The power of a municipal corporation, conferred by its charter to tax adjacent property for the cost or expense of improvement of streets is a special and limited power which can be exercised only by the observance of every requirement of the terms of the charter conferring such power. Hawthorne v. E. Portland, 13 Or., 271; Taylor v. Donner, 31 Cal., 482; People v. Sneath, 28 Cal., 615; Creighton v. Manson, 27 Cal., 628. The City of

Corsicana by its charter is clothed with the power to charge a part of the expense incurred for the improvement of its streets against the abutting property fronting on the improved street.

The charter conferring such power directs how and under what conditions and circumstances it could be exercised. Under no other conditions, however pertinent or reasonable they may seem to the judicial mind, than those specially provided, can the city take upon itself the exercise of that power with which it has particularly been vested by its charter. The city in the pursuit of its intention to make the proposed improvement and create a charge upon the adjacent property for a part of the expense incurred, undertakes to exercise a power of such nature that a series of acts, preliminary in character, are required by law to precede the execution of that power in which, in order that the execution of such power be valid, each and every step is an independent fact. All of these facts, from the beginning to the end of the proceeding, must exist; and if any material link in the chain of facts which produces the condition authorizing the exercise of the power is wanting the whole proceeding falls to the ground for the want of authority to support it.

An estimate of the cost is required to be made of the proposed improvement, and a report to be made showing a full list of all lots or fractional lots, and there shall be in such report entered opposite each lot and fractional lot one-third of the estimated expense of such improvement opposite such lot or fractional lot. On the acceptance and approval of such report and list by the city council, said amount shall be imposed, levied and assessed. Art. 475, Rev. Stats. The above requirements must precede the construction of the improvement. The estimated cost of the improvement is to be charged against the adjoining lots so to be improved.

The charter makes no provision for some other method of charging the abutting property. The city has no power vested in it by its charter to contract for the performance of work on the public streets and afterwards, without preserving the mode prescribed for the construction of such work, fix by suit, or other means, a liability against the property or owner upon a quantum meruit, or quantam valebat. It is not one-third of the actual expense to be entered on such list opposite each lot for such improvement fronting each lot, but one-third of the estimated expense of the work which is to be done, and such estimate must be made and one-third thereof set opposite each lot, and such proportion to be set opposite each lot is one-third of the estimated cost of the work to be done in front of that particular lot. Now, it may appear technical, the contention that where there was an estimate in solide against several lots belonging to the same person, no valid assessment could be made thereon; but the rule of strict construction applied to the exercise of municipal power in the imposition of a special tax is always technical, and, as asserted by the courts, based upon wholesome reasoning.

We contend most earnestly that the city council has no authority whatever to impose, levy, and assess the special tax or charge provided for in article 475 of its charter, except when it has before it and approves the

precise character of report directed by the article mentioned. The council at no time, either before or after the work was done, had such report before it, and, consequently, at no time did it accept or approve such report. Balfe v. Johnson, 40 Ind., 235; State v. Baker, 49 Texas, 764; Jodon v. City of Brenham, 57 Texas, 657; Edmondson v. Galveston, 53 Texas, 161; Schleicher v. Gatlin, 85 Texas, 273.

BROWN, ASSOCIATE JUSTICE.—This suit was commenced in the District Court of Navarro County by C. P. Kerr and a number of other persons to enjoin the City of Corsicana, a municipal corporation organized under the general laws of the State of Texas, Jenk Evans, mayor, and J. H. Wood, W. W. Ballew and J. R. Goodman, the Pavement Committee, and aldermen of the said city, from selling certain lots set forth and described in the petition, for the payment of assessments made thereon by the City of Corsicana for paving streets upon which the said lots abut. The writ of injunction was granted as prayed for, and upon a trial before the District Court the said injunction was dissolved and judgment was entered in favor of the City of Corsicana against each of the plaintiffs, for the amount assessed against each lot, and foreclosing the lien claimed by the city upon each of said lots, directing that an order of sale issue to the sheriff or any constable of Navarro County, commanding him to sell each of the lots for the amount adjudged as a lien thereon and, in case any lot should not sell for sufficient to pay the amount adjudged against it, the balance be made out of the property of the owner as on execution.

From this judgment the plaintiffs in the court below appealed to the Court of Civil Appeals, which reversed the judgment of the District Court and remanded the cause for further trial.

The City of Corsicana made application to this court for writ of error under section 8 of article 941, Revised Statutes, alleging that the decision of the Court of Civil Appeals practically settles the case. The writ was granted under the said article of the Revised Statutes as matter of course, the party being entitled to the writ upon such allegation.

The evidence introduced in the District Court showed that at the time the City of Corsicana determined to make the improvement upon the streets in question a committee was appointed, as required, to make the assessment of the cost of the work in accordance with articles 474 and 475 of the Revised Statutes, but did not show that the committee made the assessment, but that after the work was done an assessment was made. The City of Corsicana upon the trial in the District Court offered to prove by parol evidence that the committee did make an assessment of the cost of the work against each lot as required by law and that said committee made a report thereof in writing which was deposited with the secretary of the city, but did not offer to show that the report so made was accepted and approved by the city council. The testimony thus offered was excluded by the District Court, to which ruling the city ex-

ceptcd, saved a bill of exceptions in due form, and presented the ruling by cross assignment in the Court of Civil Appeals.

The Court of Civil Appeals held that the evidence offered was properly excluded and that the assessment required by the law to be made, the making of the report by the committee, and its acceptance and approval by the city council, were conditions precedent to the letting of a contract for the work, and that, this not having been done in this case, the assessment made upon the property of the plaintiffs was void, constituted no ground for a recovery by the city, and furnished no authority for the city to sell the property of the plaintiffs. We think that the Court of Civil Appeals properly construed the articles referred to, and we affirm the judgment of that court in reversing the judgment of the District Court. We deem it unnecessary to add anything to the opinion of the court in this case. In accordance with the statute we proceed to enter judgment as follows:

It is ordered, that the defendants in error have judgment against the City of Corsicana perpetuating the injunction granted by the Judge of the District Court enjoining the said city, its officers and committee, from advertising, selling or making deeds to any of the lots named under or by virtue of the said assessments, and that the defendants in error each recover of the said City of Corsicana all costs in this behalf expended in each and all the courts; that this opinion and the judgment of this court be certified to the District Court of Navarro County for observance.

*Affirmed and judgment rendered.*