SMITH BROS., INC., v. VANN.　(No. 3404.)*

Court of Civil Appeals of Texas. Texarkana.
June 9, 1927.

Rehearing Denied June 23, 1927.

1. **Municipal corporations** ⊚⟹454—**Assessments may be made after letting contracts for street improvements (Acts 2d Called Sess. 1919, c. 47, §§ 1, 2; Rev. St. 1925, art. 1097).**

Under Acts 2d Called Sess. 1919, c. 47, §§ 1, 2, and Rev. St. 1925, art. 1097, amending law regulating making of street improvements, valid assessments may be made after contracts for improvements are let.

2. **Municipal corporations** ⊚⟹485(5)—**Recital in street improvement certificate that preliminary requirements were complied with is sufficient proof, in absence of contrary evidence (Rev. St. 1925, art. 1090).**

Under Rev. St. 1925, art. 1090, recital in street improvement certificate that all essential preliminary requirements have been complied with is sufficient proof thereof, in absence of evidence to contrary.

On Motion for Rehearing.

3. **Municipal corporations** ⊚⟹508(7)—**Where record does not authorize judgment for attorney's fees on improvement certificate, cause must be remanded on reversal of judgment for defendant.**

Where record does not authorize rendition of judgment on question of plaintiff's right to recover reasonable attorney's fees, provided for in street improvement certificate sued on and prayed in petition, cause must be remanded, on reversal of judgment for defendant, based on erroneous holding that certificate was invalid because assessment was made after contract for improvements was let.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Action by Smith Bros., Inc., against D. A. Vann. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Dean & Humphrey, of Huntsville, for appellant.

M. E. Gates, of Huntsville, for appellee.

HODGES, J. The appellant, Smith Bros., Inc., a private corporation, filed this suit in the court below to recover $320.25, the amount of a special certificate issued by the city of Huntsville for street improvements, and to foreclose a lien on a lot owned by the appellee in this suit. Appellant also sued out a writ of attachment, which was levied upon the lot in controversy. The character of the certificate and the purposes for which it was issued are explained by its provisions, the material portions of which are as follows:

"This is to certify: That by virtue of an ordinance of the city council of the city of Huntsville, Texas, passed on the 23d day of February, 1925, there was levied an assessment in the sum of three hundred twenty and 25/100 ($320.25) dollars, against property situated in said city, in block 9 Pt. 71, fronting 75 feet on the ——— side of avenue K, and against D. A. Vann. "That said assessment is payable to Smith Bros., Inc., or its assigns, in five equal installments after February 23, 1925, as follows: "One within thirty days after said date; one, one year after said date; one, two years after said date; one, three years after said date; one, four years after said date; together with interest thereon from said date, at the rate of 8 per cent. per annum, payable annually. Said installments are evidenced by coupons hereto attached, payable to said Smith Bros., Inc., or bearer, and attested by its seal. Said owner has the right to pay any of said installments before maturity, with accrued interest.

"That said assessment was levied by virtue of said ordinance and other proceedings of said city, providing for payment by said owner of his pro rata share of the cost of improving avenue K under a contract between said city and Smith Bros., Inc., of date the 7th day of July, 1924.

"That by said ordinance said assessment, with costs of collection and reasonable attorney's fees, if incurred, is declared to be a first and paramount lien upon said premises (except as to lawful ad valorem taxes) and a personal liability of the owner, payable to said Smith Bros., Inc., or assigns, in installments and with interest as above set forth. "That in accordance with said ordinance it is hereby declared that, if default shall be made in the payment of any installment of principal or interest hereon when due, then at the option of said Smith Bros., Inc., or other legal holder hereof, this certificate shall at once mature without notice and the full amount of principal thereof shall be collectable, with accrued interest and reasonable attorney's fees, and costs of collection, if incurred. "That all proceedings with reference to making such improvement have been regularly had in compliance with the law, the charter, and proceedings of said city, and the terms of this certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed. That said improvement has been completed by said Smith Bros., Inc., in compliance with the terms of said contract, and was accepted by said city on the 23d day of February, 1925."

Appellant pleaded the essential facts authorizing the recovery of a personal judgment and a foreclosure of the lien on the lot. The appellee pleaded that the certificate was invalid because the city had failed to comply with the statutory requirements authorizing its issuance. He also pleaded that the lot seized under the writ of attachment was his homestead. A judgment was rendered denying the recovery sought.

The appellant alone has filed a brief in this court. It contends that the adverse judgment is based upon an incorrect view of the law which now governs the making of street improvements by cities and towns. The following recitals in the judgment are relied on as disclosing the error which controlled the decision:

"A jury being waived, the matters of fact, as well as of law, were submitted to the court. The court, having heard the pleadings, evidence, and argument of counsel, took the case under advisement. * * * And the court having further considered the matters as issue in this cause, because it is the opinion of the court that the paving certificate declared on in this case is not supported by the rule announced in the case of Kerr v. City of Corsicana (Tex. Civ. App.) 35 S. W. 694 and Id., 89 Tex. 461, 35 S. W. 794, it is therefore ordered, adjudged, and decreed by the court that the plaintiff, Smith Bros., Inc., take nothing by this suit," etc.

The judgment further recites a finding against the defendant, Vann, on his plea of homestead.

The case of Kerr v. City of Corsicana was decided in 1895 and was governed by the law then in force. It was held in that case that the assessment against Kerr was invalid because the preliminaries which the statute required had not been complied with prior to the letting of the contract for the paving. That opinion was later approved by the Supreme Court. In 1909 what now appears as chapter 9 of title 28, Revised Civil Statutes of 1925, was enacted without repealing any part of the former law. The amendment contained the following provision, which is article 1090:

"Subject to the terms hereof, the governing body shall have power by ordinance to assess the whole cost of constructing sidewalks or curbs, and not to exceed three-fourths of the cost of any other improvement, against the owners of property abutting on such improvement and against their abutting property benefited thereby, and to provide for the time and terms of payment of such assessments and the rate of interest payable upon deferred payments thereon, which rate shall not exceed eight per cent. per annum, and to fix a lien upon the property and declare such assessments to be a personal liability of the owners of such abutting property; and such governing body shall have the power to cause to be issued in the name of the city, assignable certificates declaring the liability of such owners and their property for the payment of such assessments and to fix the terms and conditions for such certificate. If any such certificate shall recite

that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and fixing the personal liability of the owner have been performed, such certificate shall be prima facie evidence of the facts so recited."

[1] This amendment implies a retention of all the appropriate proceedings for assessing the cost of street improvements against abutting property owners contained in the former law. The record in this case shows that the contract for the street improvements was let to the appellant by the city of Huntsville on July 10, 1924. The assessment was made against the appellee's property on September 13, 1924. The work was completed and was accepted by the city, and the certificate issued on February 23, 1925. The inference from the appellant's brief and argument, as well as from the record, is that the trial court held the certificate invalid because the assessment was not made before the contract for the improvements was let. That conclusion would be correct had the law remained as it was at the time the Kerr Case was decided. But in 1919 the law regulating the making of such street improvements was amended by the adoption of the following:

"Section 1. That in any case in which the public funds of any city or town may have at any time heretofore been, or may hereafter be expended, or its vouchers or certificates issued to any contractor, or any contract made therewith for the special improvement, raising or lowering the grade of, opening, straightening, widening, paving, constructing, or grading of any street, avenue, alley, sidewalk, gutter or public way, or any part thereof, and if for any reason, no part of the cost of such improvement has been borne by the abutting property or paid by the owner of owners thereof, either because an attempted assessment and enforcement thereof for the same was erroneous or void, or was so declared in any judicial proceeding, the city council [or] commission, or other governing body of any city or town shall have the power to proceed at any time to specially assess, or reassess, such abutting property with such amount of the cost of such improvement as it deems proper but in no event shall the amount exceed the special benefits such property receives therefrom by enhanced value thereto, the amount of such special benefits to be determined on a basis of the condition of such improvement as it exists at the time of such assessment, or reassessment; provided, that no such assessment, or reassessment, shall be made without at least ten days' written notice and an opportunity to be heard on such question of special benefits given to the owner or owners of such abutting property, provided that such notice may be served either personally or by publication in some newspaper of general circulation, published in said city or town; and provided, further, that the governing body of any such city or town shall have full power and authority to provide for all procedure, rules and regulations necessary or proper for such notice and hear-

ing, and to levy, assess and collect such assessment, or reassessment; and provided, further, that such assessment, or reassessment, shall be and constitute a lien upon such abutting property and a personal charge against the owner or owners thereof, which amount shall not be construed as becoming due, or having become due, before such assessment or reassessment is properly made in accordance with the provisions with this act. * * *

"Sec. 2. The fact that there is now no general law authorizing cities and towns to make reassessment of the costs of street improvements against the abutting property where the prior attempted assessment has been erroneous or void, has prohibited many cities and towns from collecting the amounts expended by them for such improvements, even though they are still subsisting and constitute a real special benefits to the many respective properties upon which they abut, creates an emergency," etc.

See Acts of Second Called Session of 1919, p. 105 and article 1097, Revised Civil Statutes of 1925.

The effect of that amendment is to permit valid assessments to be made after the contracts for the improvements have been entered into. While it does not in terms repeal any former provision of the law on that subject, but is expressly made cumulative, it does make valid assessments which were invalid under the former law. The former law did not expressly require that assessments against the abutting property be made before the contract was let. That was gathered from the language used as the legislative intention. The city of Huntsville had fully complied with the general law in adopting these provisions relative to making street improvements.

[2] It will be observed that the certificate in this instance recites that all of the essential preliminary requirements had been complied with. Under the statute that recital is prima facie evidence of such performance, and in the absence of evidence to the contrary is proof sufficient. There is no evidence to the contrary in the record before us. We are, therefore, of the opinion that the trial court erred in holding the certificate invalid.

The judgment will be reversed, and cause remanded for another trial.

### On Motion for Rehearing.

[3] Appellant has filed a motion for a rehearing, insisting that the judgment of the court below should have been reversed and judgment here rendered in its favor. The certificate sued on provided for "reasonable attorney's fees," and in its petition appellant asked judgment for "reasonable attorney's fees." The record is not such as to authorize the rendition of a judgment upon that question, and it is for that reason that the cause was remanded.

The motion for rehearing is overruled.