**Bill LAWLESS et ux., Appellants,**

v.

**BIG STATE LAND COMPANY, Appellee.**

No. 15809.

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1957.

Rehearing Denied May 17, 1957.

E. L. Goldsmith, Fort Worth, for appellants.

Travis Alley, Lowell Dushman and Thorp A. Andrews, Fort Worth, for appellee.

RENFRO, Justice.

Appellants appealed from a temporary injunction which enjoined them from operating a beauty parlor on certain described premises.

The order recited that after hearing the pleadings, the evidence and arguments of counsel, the court found the law and the facts to be with appellee, that operation of the beauty parlor was in violation of a city ordinance and in violation of restrictive covenants, and that a necessity existed for the issuance of a temporary injunction for the purpose of preserving the status quo between the parties.

The appellants did not file a statement of facts in this court.

The rule is well settled that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion.

Where the transcript shows that proof was heard, but does not show what it was, the court may presume, in the absence of a statement of facts, that it was sufficient and that the findings and order were justified. 24–A Tex.Jur., p. 380; Hartley v. Brady, Tex.Civ.App., 114 S.W.2d 406.

Our review herein is limited to the propriety of the order granting the temporary injunction and does not extend to subsequent actions on hearing on the merits for permanent injunction. Parrino v. Dubois, Tex.Civ.App., 220 S.W.2d 305. The propriety of a temporary injunction is not dependent upon the ultimate merits of the controversy. 24–A Tex.Jur., p. 43.

In our opinion the record as presented to us does not show an abuse of discretion on the part of the trial judge in granting a temporary injunction.

Judgment affirmed.