ALAMO LUMBER COMPANY, Appellant,

v.

Rogelio GUAJARDO, Sr., Trustee, et al., Appellees.

No. 3391.

Court of Civil Appeals of Texas.

Eastland.

July 18, 1958.

Rehearing Denied Sept. 5, 1958.

Perkins, Floyd & Davis, Alice, for appellant.

Lloyd & Lloyd, Alice, for appellees.

COLLINGS, Justice.

This is an appeal from an order granting a temporary injunction restraining J. P. Stockwell, the sheriff of Duval County, and the Alamo Lumber Company from selling under execution certain land pending further orders of the court. Rogelio Guajardo, Sr., and others, as plaintiffs, alleged in their application for an injunction that they were owners of the land levied upon and that it was not subject to execution to satisfy a judgment against D. C. Chapa.

Appellant Alamo Lumber Company urges that the court erred (1) in permitting appellees to file their first amended original petition on the day of the trial, which appellant contends set out an entirely new and different cause of action from that contained in their original pleadings; (2) that the court abused its discretion in granting appellees' application for temporary injunction (a) for the reason that as a matter of law the transaction involved was fraudulent and the various statutes of limitation pleaded by appellees have no application; that no fact issue is presented for determination, and (b) for the reason that the adverse possession by appellees of the surface estate does not extend to and reach the mineral estates upon which the sheriff levied his execution. Appellant further urges that the court abused its discretion in taxing all costs against appellant.

In April of 1950, D. C. Chapa was, and has at all times since been, indebted to appellant Alamo Lumber Company. On March 10, 1954, Chapa made, executed and delivered to appellant his promisory note in the sum of $1,947 payable in San Antonio, Bexar County, Texas. On March 12, 1954, D. C. Chapa and his wife executed six deeds in favor of the various appellees herein, who are their children and grandchildren. The deeds in question conveyed the surface of certain described land to each grantee and each grantee was also granted an equal ⅛th portion of the interest owned by D. C. Chapa and his wife in the oil, gas and other minerals under all the land conveyed by such deeds subject to certain exceptions not here material. The evidence shows that each of the grantees went into possession of the respective tracts of land at the time he received his deed thereto and has ever since remained in possession thereof claiming the land as his own against the world.

Thereafter, on November 1, 1954, in the District Court of Bexar County, Alamo Lumber Company recovered a judgment against D. C. Chapa for $2,186.35 with interest and attorney's fees. An abstract of this judgment was filed for record in the judgment records of Duval County on November 13, 1954. The first effort by appellant to enforce the judgment was on September 4, 1957, when the sheriff of Duval County levied an execution issued under the judgment upon an undivided ⅚th interest in and to all the oil, gas and other minerals in and under the property described in plaintiffs' original petition.

On September 28, 1957, appellees filed their original petition seeking to enjoin the sheriff and appellant Alamo Lumber Company from selling the mineral interests in question. They alleged that they and not Chapa were the owners of such lands and mineral interests. The court granted a temporary restraining order preventing the sale on the date advertised.

On October 7, 1957, appellant Alamo Lumber Company filed an answer praying the court to dissolve the temporary restraining order, asking that the sheriff's sale under execution be permitted without further interference. Appellant's answer included a general denial, a plea that it

had obtained judgment against D. C. Chapa in Bexar County and had filed an abstract of such judgment in Duval County, that the conveyances made by D. C. Chapa to appellees on March 12, 1954, were for the purpose of defrauding his creditors and that the lands therein conveyed were subject to appellant's abstract of judgment lien and the levy made by the sheriff.

On October 10, 1957, the day upon which hearing had been set for the temporary injunction appellees were permitted over objection by appellant to file their first amended original petition. In this pleading appellees alleged their respective ownership in the lands and mineral interests involved by way of counts in trespass to try title. They alleged the levy upon their property by the sheriff, the refusal of the sheriff to release such property from the levy, that the levy constituted a cloud upon their title to the land, that a sale under execution would constitute a further cloud upon their title, that Alamo Lumber Company was asserting liens upon the land, and that they had no way of preventing the sale and the cloud upon their title except by injunction. They also plead the three, five and ten year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510. Appellant thereupon filed its first supplemental answer consisting of a general denial and a plea of not guilty. After a hearing the court granted the temporary injunction sought by appellees and Alamo Lumber Company has brought this appeal.

We overrule appellant's contention that the court erred in permitting appellees to file their first amended original petition on the first day of the trial. Rule 63, Texas Rules of Civil Procedure, provides for the filing of amended pleadings within seven days of the date of the trial after leave of the judge is obtained, unless there is a showing that the amendment will operate as a surprise to the opposite party. Appellees secured permission of the judge for the filing of their amended pleading. Appellant's complaint does not involve a claim of injury because of surprise or of the failure of the court to postpone the hearing. Both the attorney for appellees and the court suggested to counsel for appellant that a postponement would be granted if appellant had not had time to prepare an answer or to join issue on the matters set out in appellees' amended pleading. Appellant did not take advantage of the suggested postponement but on the contrary stated to the court that he would just take "exception to the ruling of the court". Appellant then filed its supplemental answer to the amended pleading filed by appellees.

Appellant's contention that the court erred in permitting appellees to file their amended pleadings is, in effect, that appellees' first amended original petition alleged two entirely new and different matters not alleged in their original pleadings, to-wit, trespass to try title and the various statutes of limitation; that appellees' original petition for injunctive relief simply alleged as a basis therefor that appellees were by virtue of their deeds from D. C. Chapa, dated March 12, 1954, the owners of the property levied upon; that the new matters alleged by appellees constitute new and different causes of action from that alleged in appellees' original pleadings, and that the court erred in permitting such amended pleading to be filed.

■ Appellees' original petition sought injunctive relief based upon allegations that the sheriff of Duval County and appellant Alamo Lumber Company had levied a writ of execution upon and were threatening to sell property owned by appellees by virtue of deeds from Chapa dated March 12, 1954, to satisfy a judgment against D. C. Chapa. Appellant filed its answer asserting the right to sell the land under execution because of the alleged insolvency of D. C. Chapa at the time he conveyed the property to appellees; that the deeds to appellees were without consideration and in fraud of appellant as a creditor of Chapa. It was in answer to this pleading by appellant which questioned appellees' ownership of the property levied

**676**

upon that appellees filed their first amended original petition. In the new pleading they more specifically alleged the basis of their respective ownership in the lands and mineral interests involved by way of counts in trespass to try title. They also pleaded the three, five and ten year statutes of limitation. Appellees had the right to plead these new matters. They were appropriate in view of and in answer to appellant's pleading. The trial court did not err in permitting appellees to file their first amended original petition.

■■■ The purpose of a temporary injunction is to prevent a threatened wrong and to preserve the status quo until the rights of the parties can be determined upon a final hearing. As a general proposition the grant or denial of a temporary injunction rests within the sound judicial discretion of the trial court. Texas Foundries, Inc., v. International Molders and Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460. The granting or refusing of a temporary injunction will therefore be disturbed on appeal only when there has been an abuse of discretion. It is not required that the petitioner establish his right to prevail upon a final hearing. It is only required that he should allege a cause of action and that there is some evidence in support thereof. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. However, the judicial discretion to grant a temporary injunction does not extend to a case which presents a question of law only and in which the facts are undisputed and contrary to petitioner's right to prevail. 24–A Tex.Jur. 43; Tyree v. Road District No. 5, Tex.Civ.App., 199 S.W. 644 (Writ Ref.); Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722. It is the contention of appellees that there are controlling issues of fact to be decided upon a trial on the merits and that the trial court was acting within the bounds of its judicial discretion in granting the temporary injunction. Appellees contend a controverted fact issue is presented on the question of whether their deeds from D. C. Chapa and his

wife were in fraud of appellant Alamo Lumber Company as a creditor.

It is appellant's contention here, as it was in the trial court, that as a matter of law the deeds from Chapa and his wife to appellees were fraudulent and void by reason of Article 3997, Vernon's Ann.Tex.Civ.St., which provides as follows:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts * * *."

■■■ The evidence is undisputed that D. C. Chapa was indebted to appellant prior to and at the time he and his wife conveyed the property in question on March 12, 1954. The consideration for each of the deeds was stated to be $10 and love and affection. Such a conveyance by a debtor is prima facie void as to existing creditors. 20 Tex. Jur. 415; Goolsby v. Manning, Tex.Civ. App., 270 S.W. 936. To uphold such a conveyance against existing creditors, the burden is on the grantee to rebut the prima facie fraudulent purpose of the conveyance by showing a valid consideration or that the debtor was at the time possessed of sufficient property subject to execution to pay his debts, or some other fact, such as a homestead right, which would exclude the conveyance from the operation of the statute, or to establish in some other manner the grantee's superior title and ownership in the property. Ramsey v. Abilene Building & Loan Ass'n, Tex.Civ.App., 57 S.W.2d 877; Evans v. First National Bank of Mount Vernon, Tex.Civ.App., 65 S.W.2d 366 (Writ Dis.); Sakowitz Bros. v. McCord, Tex.Civ. App., 162 S.W.2d 437; 20 Tex.Jur. 418.

Appellees did not attempt and there is no evidence tending to show a valid consideration for the deeds or that D. C. Chapa was, at the time he made the deeds, possessed of sufficient property to pay his debts. Appel-

lees' contention that the property is not subject to the execution levied upon it is based upon the allegation in their amended pleading that they acquired title under the three year statute of limitation so as to bar appellant's asserted claim. Appellees contend that the statute began to run on March 12, 1954, the date upon which Chapa executed and delivered the deeds to them and upon which they filed the deeds for record and took possession of the land. Since the execution was levied upon the property on September 4, 1957, more than three years after the date of the execution and filing of the deeds for record and when appellees took possession of the land, appellees contend that they acquired title under the three year statute and that appellant is barred from asserting its claim. This contention is not well taken.

 It is held in numerous cases that the three year statute of limitation does not commence to run merely upon the assumption of possession by a fraudulent grantee but begins to run only when the creditors can, with due diligence, attack the fraudulent conveyance. Douglas v. First National Bank of El Dorado, 120 Tex. 631, 40 S.W.2d 801; Hartman v. Hartman, Tex.Com.App., 135 Tex. 596, 138 S.W.2d 802. For an application of the same principle under a different situation see John F. Grant Lumber Co. v. Bell, Tex.Civ.App., 302 S.W.2d 714 (Writ Ref.). The general rule is that the statute does not commence to run against a prior creditor until after he recovers judgment upon his debt because until that time he has no effectual means of enforcing his claim. Reynolds v. Lansford, 16 Tex. 286, 287; Compton v. Perry, 23 Tex. 414.

 In summary it appears from the undisputed evidence that the deeds from Chapa to appellees were void under the provisions of Article 3997, supra, and the mineral interests levied upon were subject to the execution unless, as contended by appellees, they had acquired superior title thereto by virtue of the three year statute

of limitation. The statute, however, did not begin to run against appellant until the date of appellant's judgment against D. C. Chapa on November 1, 1954. Less than three years thereafter, to-wit, September 4, 1957, the execution was levied on the property. Under the undisputed facts it appears, as a matter of law, that appellees had not acquired title to the property under the three year statute of limitation at the time of the levy of the execution. The three year period had not expired from the time the statute began to run. The running of this statute is the basis of appellees' case. The facts are undisputed and, as a matter of law, contrary to petitioners' right to prevail. Under these circumstances it was error to grant the temporary injunction.

The judgment is reversed and the temporary injunction is ordered dissolved.