ROGELIO GUAJARDO, SENIOR, TRUSTEE, ET AL, v. ALAMO LUMBER COMPANY.

No. A-7033. Decided November 5, 1958.
Rehearing overruled December 3, 1958.
(317 S.W. 2d Series 725)

*Lloyd & Lloyd* and *E. G. Lloyd, Jr.,* of Alice, for petitioner.

*Floyd & Davis* and *Kenneth Oden,* all of Alice, for respondents.

PER CURIAM:

The jurisdiction invoked by petitioners in this Court and the Court of Civil Appeals relates only to the propriety of granting a temporary injunction. Article 4662, Vernon's Ann. Texas Stats. Rule 385, Texas Rules of Civil Procedure. Lawless v. Big State Land Company, Texas Civ. App., 301 S.W. 2d 958, no writ history. It is apparent from the briefs of the parties filed herein that after the Court of Civil Appeals had dissolved the temporary injunction granted by the trial court (315 S.W. 2d 672), the petitioners, (plaintiffs in the trial court), under protest, tendered to the Sheriff of Duval County a sufficient amount of money to discharge the indebtedness claimed by respondent. This prevented an execution of the property involved and rendered the matter of granting a temporary injunction to restrain such sale wholly moot.

"The rule has long been established in this court that when a case becomes moot on appeal, all previous orders are set aside by the appellat court and the case is dismissed. * * * When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the same rule applies. The proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending." Texas Foundries, Inc. v. International Moulders and Foundry Workers Union, 151 Texas 239, 248 S.W. 2d 460, 461; Service Finance Corporation v. Grote, 133 Texas 606, 131 S.W. 2d 93.

Accordingly writ of error is granted without reference to the merits of the matters or issues decided by the Court of Civil Appeals, University Interscholastic League v. Sims, 133 Texas 605, 131 S.W. 2d 94, and the orders of the Court of Civil Appeals and the trial court relating to the temporary injunction feature of the case are set aside and this cause insofar as it relates to the matter of a temporary injunction is dismissed at petitioners' cost. Poole v. Giles, 151 Texas 224, 248 S.W. 2d 464; City of West University Place v. Martin, 132 Texas 354, 123 S.W. 2d 638; International Ass'n. of Machinists, Local Union No. 1488 v. Federated Ass'n. of Accessory Workers, 133 Texas 624, 130 S.W. 2d 282.

This order of dismissal is entered without prejudice to such further actions as the parties may wish to take with reference to the case on the merits. As the judgment of the Court of Civil Appeals has been vacated its opinion will not necessarily control

the trial of the cause upon the merits. We do not pass upon the merits of the controversy.

Cause dismissed insofar as the temporary injunction is concerned.

Opinion delivered November 5, 1958.

Rehearing overruled December 3, 1958.