### GRANBURY INDEPENDENT SCHOOL DISTRICT et al., Appellants,

v.

### V. A. ANDREWS et al., Appellees.

No. 17007.

Court of Civil Appeals of Texas.

Fort Worth.

March 28, 1969.

Rehearing Denied April 25, 1969.

Dixon, Alley & Petrovich, Granbury, J. C. Hinsley, Austin, for appellants.

C. O. McMillan, Stephenville, for appellees.

### OPINION

RENFRO, Justice.

Suit was brought by V. A. Andrews and one hundred two other taxpayers of the Granbury Independent School District for a temporary injunction and permanent injunction against the District to prevent the District from putting into effect a contemplated tax plan for 1968.

Plaintiffs alleged the asserted values proposed by the District are far in excess of the actual values and such values are arbitrary, discriminative and illegal, being five to seven hundred per cent or more above the valuations for 1967; the plan is arbitrary and fundamentally erroneous; is in violation of the Constitution and statutes.

After a hearing, a temporary injunction was granted. The injunction order is quite

lengthy. In the main, the relief requested by the plaintiffs was granted and the District was enjoined from assessing or attempting to assess any values for tax purposes based on the prospective increased valuation pending a full trial on the merits.

The District (all necessary parties were made defendants; we refer to the defendants as District for convenience) appealed from the order granting the temporary injunction.

Included in the order granting the temporary injunction were findings that proper assessment of plaintiffs' property was not made as provided by law; the taxable value of the plaintiffs' property was not ascertained by authority of and in the manner provided by law; the plan of taxation appears discriminative between rural and city property; that a sufficient amount of taxable property has been omitted from the tax rolls to cast a greater burden upon the properties of plaintiffs; the valuations are excessive and speculative; that a majority of plaintiffs have filed sworn statements in writing, seeking to designate their lands for assessment for agricultural use as provided in Sec. 1–d, amending Article 8 of the Texas Constitution, Vernon's Ann.St. and that the local tax assessor has made no determination of whether or not such land qualifies for such designation as to agricultural use.

The temporary injunction order was entered on September 11, 1968.

As far as we are advised, neither the District nor plaintiffs have sought a trial on the merits since the temporary injunction was granted.

In its first seven points the District argues the court erred in overruling its plea of misjoinder and in overruling its special exceptions to plaintiffs' pleadings; points 8 through 13 attack each finding set out in the injunction order as being unsupported by the evidence; points 14 through 18 attack each "order" set out in the injunction as being error; the remaining points 19 through 30 attack as error the rulings of the court on admission or denial of evidence.

The District relies upon such tax cases as Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333; Federal Royalty Co. v. State, 124 Tex. 290, 80 S.W.2d 741; McGinnis v. Northwest Independent School District, Tex.Civ.App., 294 S.W.2d 154; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; City of Orange v. Levingston Shipbuilding Co., 258 F.2d 240; Clark v. Cedar Hill Independent School District, Tex.Civ.App., 295 S.W.2d 671; Kirkpatrick v. Parker, 406 S.W.2d 81, and many others to support its points of error.

A complaining taxpayer, to obtain permanent relief in the courts, must discharge the burden placed upon him by the law as set forth in the above cases. We so held in Harberson et al. v. Arledge et al., 438 S.W.2d 591 (February 4, 1969).

In determining whether the plaintiffs in this case, or any of them, are entitled to a permanent injunction, the trial court of course will be governed by the law as set out in such cases. On the record made in the hearing on the application for temporary injunction some of the District's contentions would in all probability be sustained had a permanent injunction been granted thereon.

■ The appeal, however, is from an order granting a temporary injunction.

Our review is limited to the propriety of the order granting the temporary injunction and does not extend to subsequent actions on hearing on the merits for permanent injunction. Lawless v. Big State Land Co., 301 S.W.2d 958 (Tex.Civ.App., 1957, no writ hist.); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725

(1958); Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

■ To warrant the issuance of a temporary injunction the applicant need only show a probable right and a probable injury. He is not required to establish that he will finally prevail in the litigation.

■ An injunction will lie to restrain the collection of taxes levied and assessed without authority of law. Ripley v. Trinity River Canal and Conservancy District, 88 S.W.2d 752 (Tex.Civ.App., 1935, ref.); Davis v. Burnett, 77 Tex. 3, 13 S.W. 613 (1890); Kerr v. City of Corsicana, Tex. Civ.App., 35 S.W. 694, affirmed 89 Tex. 461, 35 S.W. 794 (1896); L. E. Whitham & Co. v. Hendrick, 1 S.W.2d 907 (Tex. Civ.App., 1927, ref.).

■ We have read the long record in its entirety. From our study we cannot say the trial court abused its discretion in granting the temporary injunction. There is sufficient evidence to show a probable right and a probable injury.

The pleadings and the evidence in support thereof were sufficient for the temporary injunction order.

In view of the reasonable probability that the case will go to trial on amended pleadings, and that on a trial on the merits the evidence will be fully developed, we overrule all points of error pertaining to pleadings and rulings on evidence in so far as the temporary injunction is concerned.

It is emphasized that our review is limited strictly to the order granting the temporary injunction, and our opinion thereon should in no wise be interpreted to forecast or affect the ultimate judgment to be entered after a full trial on the merits.

Affirmed.

LANGDON, J., not participating.