**Dr. James A. TURMAN et al., Appellants,**

v.

**John Philip ANGLES, Appellee.**

**No. 472.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 30, 1969.

Crawford Martin, Atty. Gen., of Texas, Jack Sparks, Asst. Atty. Gen., Austin, for appellants.

Utter & Chase, Norman Utter, Charles N. Cartwright, Corpus Christi, Royce C. Johnston, Kingsville, for appellee.

OPINION

SHARPE, Justice.

This appeal, by the Executive Director of the Texas Youth Council and by the Superintendent of the Mountain View School for Boys at Gatesville, Texas, is from the judgment of the Juvenile Court of Kleberg County, Texas, granting a writ of Habeas Corpus and ordering the discharge of appellee, who in the same Court on May, 5, 1965 had been declared a delinquent child and committed to the care, custody and control of the Texas Youth Council.

The record shows that appellee was born on July 4, 1948 and will become twenty-one years of age on July 4, 1969, on which date he would be entitled in any event to discharge from the 1965 order of commitment. We have concluded that the case is now moot because the appellate process made available to the parties could not be

**928**

exhausted before appellee becomes twenty-one years of age, and that the cause should be dismissed.

The final judgment of the trial court discharging appellee from the custody of appellants was rendered on August 19, 1968. The transcript was filed herein on October 16, 1968. On October 17, 1968 the parties joined in a motion for extension of time for filing of the statement of facts until October 23, 1968, which was granted by the Court and said statement was filed on the last-mentioned date. Thereafter, appellee was granted an extension of time in which to file his brief until December 24, 1968. Neither of the parties filed motion to advance submission or determination of the case and it was set for submission and oral argument in its regular order for March 27, 1969. At that time the attention of the Court was first called to the fact that appellee would shortly become twenty-one years of age. It then appeared that as a practical matter the appellate process could not be exhausted in the time remaining before appellee's twenty-first birthday. Further study of the record demonstrated that the questions presented were not of easy resolution and the time required to decide them would not allow sufficient remaining time for the appellate process to be exhausted, particularly if the judgment should be reversed. It further appears that had the preparation and filing of the record and appellants' brief been expedited and proper motion for advancement filed, the situation would have been different.

It appearing that the case has become moot on appeal, the orders of the lower court will be set aside and the cause dismissed. See Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725 (1958).