**Bud NORMAN, et al.**

v.

**HENRY HYDROCARBON, INC.**

**No. 5351.**

Court of Civil Appeals of Texas, Eastland.

Sept. 13, 1979.

Virgil T. Seaberry, Eastland, for appellant.

E. Lee Haag, III, Whitten & Sprain, Abilene, for appellee.

DICKENSON, Justice.

Henry Hydrocarbon, Inc. secured a temporary injunction on April 19, 1979, against Bud Norman, Mrs. Allene Allen Norman, Alton C. Allen, W. M. Allen, Joe B. Scott, Cecelia Scott and Hall Walker which restrained them from interfering with its access to a certain tract of land for the purpose of drilling an oil well. All of the defendants except Hall Walker appealed, but the temporary injunction was not superseded. Henry Hydrocarbon proceeded to drill its well. The well did not produce oil or gas in commercial quantities. Henry Hydrocarbon then filed its motion to dismiss the appeal and dissolve the temporary injunction because the matter had become moot. Its claim for damages is still pending in the trial court, as is the cross-action filed by Joe B. Scott and Cecelia Scott against Henry Hydrocarbon.

832

Chief Justice Hickman stated the applicable rules in *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952), as follows:

> (W)hen a case becomes moot on appeal, all previous orders are set aside by the appellate court, and the case is dismissed.
> . . . When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the same rule applies. The proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending.

See also *Guajardo v. Alamo Lumber Company,* 159 Tex. 225, 317 S.W.2d 725 (1958).

The temporary injunction is set aside, and that portion of the case is dismissed as moot. The other causes of action are still pending in the trial court. The costs of this interlocutory appeal are to be taxed as part of the court costs when the main case is concluded. Tex.R.Civ.P. 448.