The CITY OF SAN ANTONIO and the City of San Antonio's Firemen's and Policemen's Civil Service Commission, Appellants,

v.

Jo-Ann RIOJAS, Appellee.

No. 04–86–00168–CV.

Court of Appeals of Texas, San Antonio.

Dec. 10, 1986.

Rehearing Denied Jan. 22, 1987.

942

Keith B. Brown, Paula Dlugosz, San Antonio, for appellants.

Harry A. Nass, Jr., San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## ON APPELLANTS' MOTION TO DISMISS APPEAL

REEVES, Justice.

This is an appeal from a temporary injunction which in effect allowed appellee Jo-Ann Riojas to take an examination for the rank of probationary fire-fighter given March 12, 1986. For reasons of mootness, we grant appellants' motion to dismiss.

After passing an entrance examination, Jo-Ann Riojas was admitted to the San Antonio Fire Academy where she took the courses and physical training required by the City to become a firefighter. With the exception of what is known as the "hose evolution test," she passed all the required physical and classroom examinations.

The hose evolution test required Riojas and three other fire-fighter trainees to work as a team while going through a battery of exercises that examined their ability to handle a standard fire hose. In one exercise, the team had to take the hose through the inside and up to the third floor of a building. The San Antonio Fire Chief set a maximum time limit of three minutes. Appellant and her team performed the test twice, doing it in three minutes and nine seconds and three minutes and two seconds respectively. Because the team did not meet the three minute requirement, Riojas was dismissed from the academy and not allowed to take the final examination neces-

sary to become a probationary fire-fighter. The examination was to be given on March 12, 1986.

Riojas filed suit and, after a hearing held March 11, obtained a temporary injunction preventing the City and the San Antonio Firemen's and Policemen's Civil Service Commission from interfering with Riojas' taking the examination. The City of San Antonio and the Civil Service Commission immediately perfected appeal to this Court, thereby effectively prohibiting Riojas from taking the examination.

The appellants have filed a motion to dismiss the appeal, contending it is now moot since the order granting the temporary injunction specifically enjoins them from interfering with Riojas' taking the examination scheduled for March 12, which day has long passed. Riojas contends that the appeal is not moot because the underlying dispute between the parties is capable of repetition and yet would elude review if the case were dismissed. In support of this theory, Riojas cites *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 209 (Tex.1981). *Iranian* is distinguishable from this case. In that case, the dispute centered around the Iranian Muslim Organization's constitutional right of free speech which was abridged when the City refused to grant it a permit to publicly demonstrate against the former Shah of Iran. The case before us does not involve a constitutional right and is not subject to repetition. When a temporary injunction becomes moot on appeal, all orders relating to the temporary injunction are dismissed, leaving the underlying lawsuit pending on the trial docket. *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725, 726 (1958).

The appellant's motion is granted. The order granting the temporary injunction is dismissed and the trial court is instructed to proceed with the trial on its merits.