ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 3:05:58 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00583-CV

_____

## IN THE FIRST COURT OF APPEALS
## AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 3:05:58 PM
CHRISTOPHER A. PRINE
Clerk

_____

THE HONORABLE MARK HENRY, COUNTY JUDGE
OF GALVESTON COUNTY,

*Appellant,*

v.

THE HONORABLE LONNIE COX,

*Appellee.*

_____

On Interlocutory Appeal from the 56th District Court, Galveston County, Texas

_____

## APPELLANT'S MOTION TO SET ASIDE THE TEMPORARY INJUNCTION AT ISSUE BECAUSE IT BECAME MOOT ON APPEAL AND TO DISMISS THE CAUSE

_____

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellant, The Honorable Mark Henry County Judge of Galveston County, files this Motion to Set Aside the Temporary Injunction at Issue Because it Became Moot on Appeal and to Dismiss the Cause, and would show the Court as follows:

### Background

1.      This interlocutory appeal concerns a temporary injunction that District Court Judge Lonnie Cox obtained on behalf of Ms. Bonita Quiroga against County Judge Mark Henry of Galveston County.  In a nutshell, the temporary injunction order directed County Judge Mark Henry to:

(i) reinstate Ms. Quiroga's employment as the court administrator for Galveston County, with only court-related responsibilities and reporting to only the administrative judge, *and*

(ii) pay Ms. Quiroga her old salary of $113,000 that she made for a different administrator job with greater responsibilities. (CR. 337, 339 [Nos. 1, 2, & 5]); (CR. 254, 337.)

2. Because the Commissioners Court of Galveston County had already authorized Judge Cox, as the administrative judge, to appoint Ms. Quiroga to be the new court administrator for the district and statutory county courts in Galveston County, this injunction case boils down to a salary dispute. (RR. 3:204-205); (RR. 4:113-114); (App. G, H to Appellant's Br.). Judge Cox thinks the salary range for the new court administrator position should be $85,000-$120,000. (RR. 3:113-114) (RR. 7:DX. 44.) The Commissioners Court, on the other hand, set the salary range at $57,705-$63,695, in order to account for the decreased job responsibilities. (RR. 3:204-205, 215-216); (RR. 4:113-114, 115); (App. G to Appellant's Br.)

3. Judge Cox therefore sought and obtained injunctive relief claiming that County Judge Mark Henry and the Commissioners Court of Galveston County had no authority to hire or fire Ms. Quiroga or to set her salary as the court administrator. These issues are now controlled by the new amendments to Section 75.401 of the Government Code that became effective on September 1, 2015. TEX. GOV'T CODE § 75.401 (Vernon 2015), 2015 Tex. Sess. Law Serv. Ch. 966

(S.B.1913) (Vernon 2015) (Ex. A). As a result, on September 1, the temporary injunction became moot during this appeal.

## New Section 75.401 of the Government Code

4. New Section 75.401 now provides specific statutory authority for a court administrator position in a county like Galveston County for the district and statutory county courts collectively. TEX. GOV'T CODE § 75.401 (Vernon 2015) (Ex. A.) Under the new statute, the court administrator position is to be appointed by the judges of the courts served by that position and serves at the pleasure of those judges. TEX. GOV'T CODE § 75.401(c) (Vernon 2015) (Ex. A.). Furthermore, the "salary range" for the court administrator position under new Section 75.401 is to be "set by the commissioners court." TEX. GOV'T CODE § 75.401(d) (Vernon 2015) (Ex. A.).

## The temporary injunction has become moot on appeal.

5. Accordingly, the temporary injunction that directs County Judge Mark Henry to reinstate Ms. Quiroga's employment as the court administrator for Galveston County has become moot during this appeal because the judges in Galveston County served by that position now have the exclusive power under the statute to appoint Ms. Quiroga to be the new court administrator—not County Judge Mark Henry. TEX. GOV'T CODE § 75.401(c) (Vernon 2015) (Ex. A.).

6. The temporary injunction that directs County Judge Mark Henry to pay Ms. Quiroga her old salary of $113,000 for the court administrator position has also become moot during this appeal because the new statute now clearly gives the Commissioners Court and County Judge Mark Henry the exclusive authority to set the salary range for the court administrator—not Judge Cox or the judges served by that position. TEX. GOV'T CODE § 75.401(d) (Vernon 2015) (Ex. A.).

7. In anticipation of new Section 75.401 becoming effective on September 1, the Commissioners Court of Galveston County provided as follows in its Order of June 13, 2015:

> The Texas Legislature has enrolled Senate Bill 1913, which would modify Texas Government Code Section 75.401 in a manner that authorizes the appointment of collective administrative personnel ("Court Administrator") for both county and district courts under that chapter. Following any legal effect of such amendment, Galveston County Commissioners Court would be empowered to authorize appointment of a court administrator in accordance with such statutory changes.
>
> . . .
>
> IT IS FURTHER ORDERED that if S.B. 1913, recently enrolled by the Texas Legislature, is enacted into law, then effective on September 1, 2015; the above-described position of Court Manager shall be retitled as Court Administrator under Texas Government Code Section 75.401; the "salary range" for the Court Administrator position, as required by S.B. 1913, shall be 22(A) $57,705 through 22(E) $63,695; and the other aforementioned positions shall be transferred to the Court Administrator's office. Upon creation of a court administrator's office, the Court Administrator and subordinate staff shall report

4

to the district courts and statutory courts collectively. (RR. 7:DX. 52:1, 5-6); (App. G. to Appellant's Br.)

## The temporary injunction should be set aside and this injunction suit and cause dismissed in all things

8. Therefore, because new Section 75.401 took effect on September 1, the temporary injunction in this case no longer has a practical effect on an existing controversy and the temporary injunction has become moot on appeal. In this situation, the Texas Supreme Court has instructed as follows:

> 'The rule has long been established in this court that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed. … When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the same rule applies. The proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending.'

*Guajardo v. Alamo Lumber Co*., 317 S.W.2d 725, 726 (Tex. 1958) (quoting *Texas Foundries v. International Moulders & Foundry Workers' Union*, 248 S.W.2d 460 (Tex.)); *see also Cameron v. Saathoff*, 345 S.W.2d 281, 282 (Tex. 1961).

9. As applied here, the proper disposition is for the Court to now set aside the temporary injunction order that forms the basis of this interlocutory appeal, dismiss the suit below that relates to the temporary injunction, and dismiss this cause. *Guajardo*, 317 S.W.2d at 726; *see also Cameron*, 345 S.W.2d at 282. Because Judge Cox did not plead a recognized cause of action below, the dismissal

5

should be a complete dismissal of the underlying injunction suit in all things and a corresponding dismissal of this cause.[1] (CR. 271-73.)

WHEREFORE, PREMISES, CONSIDERED, Appellant, The Honorable Mark Henry, County Judge of Galveston County respectfully requests the Court to grant this Motion in all things, set aside the temporary injunction order at issue because it has become moot during this appeal, dismiss the underlying injunction suit in all things, and correspondingly dismiss this cause. Appellant additionally prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: */s/ N. Terry Adams, Jr.*

    **N. Terry Adams, Jr.**
    Texas Bar No. 00874010
    tadams@bmpllp.com
    **Joseph M. Nixon**
    Texas Bar No. 15244800
    jnixon@bmpllp.com
    **James E. "Trey" Trainor**
    Texas Bar No. 24042052
    ttrainor@bmpllp.com
    1300 Post Oak Blvd, Suite 2500
    Houston, Texas 77056
    (713) 623-0887 (Tel)
    (713) 960-1527 (Fax)

    *Counsel for Appellant*

---

[1] Judge Cox only alleged contempt against County Judge Mark Henry for not following his two void sua sponte orders or the void TRO and only sought injunctive relief in his original and amended petitions. (CR. 9, 271-73.)

6

## CERTIFICATE OF CONFERENCE

In accordance with TEX. R. APP. P. 10.1(a)(5), the undersigned counsel for Appellant spoke with Mr. Mark Stevens, counsel for Appellee, today by telephone regarding this Motion and Mr. Stevens indicated that Appellee is opposed to this Motion being granted.

*/s/  N. Terry Adams, Jr.*
N. Terry Adams, Jr.


## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the Texas Rules of Appellate Procedure and the Local Rules of this Court and the foregoing Response has been electronically filed and served on all counsel of record in accordance with these Rules on this the 11th day of September, 2015.

Mark W. Stevens
P.O. Box 8118
Galveston, Texas 77553
markwandstev@sbcglobal.net

*/s/ N. Terry Adams, Jr.*
N. Terry Adams, Jr.

# Ex. A

2015 Tex. Sess. Law Serv. Ch. 966 (S.B. 1913) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2015

Eighty-Fourth Legislature, 2015 Regular Session

Additions are indicated by **Text**; deletions by ~~Text~~.
Vetoes are indicated by ~~Text~~;
stricken material by Text .

CHAPTER 966
S.B. No. 1913
COURT ADMINISTRATOR IN CERTAIN COUNTIES

AN ACT
relating to a court administrator in certain counties.

Be it enacted by the Legislature of the State of Texas:

SECTION 1. The heading to Section 75.401, Government Code, is amended to read as follows:

<< TX GOVT § 75.401 hd. >>

Sec. 75.401. COURT ADMINISTRATOR SYSTEM FOR **DISTRICT AND STATUTORY** COUNTY COURTS IN CERTAIN COUNTIES.

SECTION 2. Sections 75.401(a), (b), (c), (d), and (e), Government Code, are amended to read as follows:

<< TX GOVT § 75.401 >>

(a) In a county that has more than one **district court or statutory** [~~county criminal court or more than one~~] county court [~~at law having both criminal and civil jurisdiction~~], those courts may establish and maintain, on approval of the commissioners court, a court administrator system.

(b) The judges of the **district courts** [~~county criminal courts~~] or the **statutory** county courts **may** [~~at law having both criminal and civil jurisdiction shall~~] by **local** rule designate **local court divisions and** the duties of the court administrator **for each division, if applicable**. The court administrator shall cooperate with **regional, presiding, and local** [~~the~~] administrative judges and state agencies having duties relating to the operation of the courts to promote uniform and efficient administration of justice.

(c) The court administrator is appointed by the judges of the **district courts or** [~~county criminal courts or~~] the **statutory** county courts **served by the court administrator. The court administrator** [~~at law having both criminal and civil jurisdiction and~~] serves at the pleasure of **those** [~~the~~] judges.

(d) A court administrator is entitled to reasonable compensation**, as determined by the judges served and in the salary range for the position,** as set by the commissioners court.

(e) The judges **of the courts served by the court administrator, with the approval of the commissioners court,** shall appoint appropriate staff and support personnel according to the needs of the local jurisdiction.

SECTION 3. This Act takes effect September 1, 2015.

Passed the Senate on May 8, 2015: Yeas 31, Nays 0; the Senate concurred in House amendment on May 30, 2015: Yeas 31, Nays 0; passed the House, with amendment, on May 27, 2015: Yeas 144, Nays 0, two present not voting.

Approved June 18, 2015.

Effective September 1, 2015.

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Westlaw**Next® © 2015 Thomson Reuters. No claim to original U.S. Government Works. 2