## TIPTON v. HOTEL AND RESTAURANT EMPLOYEES INTERNATIONAL ALLIANCE, LOCAL NO. 808, et al.

### No. 11225.

Court of Civil Appeals of Texas. Galveston.
March 13, 1941.

Bernard A. Golding, of Houston, for appellant.

Combs & Dixie, of Houston (W. A. Combs, of Houston, of counsel), for appellees.

CODY, Justice.

■ This is an appeal from an order refusing plaintiff a temporary injunction against the picketing by appellees of plaintiff's place of business in the City of Houston, and has been advanced for hearing by this Court under R.S.Article 4662. It is hardly necessary to cite authority to the effect that the facts will here be reviewed for the sole purpose of determining whether or not they support the court's exercise of discretion, and not as to sufficiency to support a final judgment. See San Angelo v. Amalgamated Meat Cutters, etc., Tex.Civ.App., 139 S.W.2d 843.

Appellant's petition alleged that he owns and is operating a restaurant in Houston, and had been doing so for some two weeks prior to the filing of his petition. Also, it alleged that he has employed three waitresses, two dishwashers, and a night cook, and himself working in his cafe; that his employees have been employed by him for a substantial length of time, and that no labor dispute of any kind now exists or has ever existed between him and his employees as to working conditions, hours of employment, wages, or labor unions, and that his employees are entirely satisfied with all conditions of their employment. That about noon on December 14, 1940, certain agents representing Hotel and Restaurant Employees International Alliance, Local No. 808, of Houston (hereinafter called appellee), demanded that appellant sign a contract with appellee, thereby making his cafe a "closed shop". That appellant refused to execute the contract, and that thereupon, notwithstanding all of appellant's employees wished to continue working for him, appellee immediately caused a picket line to be established at his cafe, and continues to maintain same. That the pickets continuously carry in front of appellant's cafe placards reading: "This cafe unfair to Culinary Workers, Local No. 808, Affiliated with A.F. of L." That this causes the public and appellant's customers to believe that he is in a dispute with his employees, which is not true. That this is a boycott and has caused great damage to appellant's business, will continue so to do, etc. The petition, which is duly verified, also alleges a conspiracy in restraint of trade and a violation of the anti-trust laws. The prayer includes a request for a temporary injunction.

The defendants, inclusive of the one here designated as appellee, answered at length. The answer joins issue on appellant's allegations that there was no labor dispute between appellant and his employees. The answer also alleged, among other things, that appellee tendered appellant a written contract, which he declined to sign but which he agreed to be bound by and the terms of which he agreed to keep. That appellant, however, discharged one of his cooks who was a member of the union, and replaced him with a negro dishwasher —not a member of the union—and also took down the union card which advertised the cafe as a "union" cafe, and otherwise refused to comply with union regulations as he had agreed to do. That the waitresses, there being four of them, all of whom had been working at the cafe for months (appellant having bought the restaurant only some ten days before this, and all of whom belonged to the union, protested appellant's conduct and went on the picket line which is now maintained, and said picket line is now also maintained against appellant's refusal in good faith to negotiate a written contract with the union. The answer also alleged that the picketing was peaceful, and that defendants were merely exercising their right of free speech, etc.

It is not in dispute, we believe, that appellant, at the time he bought this cafe business, took over the employment of those who were then working there. These employees consisted of two cooks, two dishwashers, and four waitresses. All, except the dishwashers, were members of the union, and the dishwashers are not eligible for membership.

■■ There is no finding of facts filed by the trial court. We do not know therefore just what he considered as the factual basis for his refusal to issue a temporary injunction against the picketing. The evidence, however, is sufficient to support his discretion in so refusing. There was some evidence to the effect that the employees were dissatisfied with working conditions, that the waitresses, who are white, were dissatisfied with the authority and supervision which was exercised over them by the negro cook who was not a member of the union and who had been elevated by

appellant from the position of dishwasher. The evidence further shows that the waitresses began the picketing. But the refusal of appellant to sign the contract which was tendered by the union under the facts of this case clearly brings it within our holding in the San Angelo case, supra. Appellant had agreed to abide by the terms of the written contract. This, according to appellee's version, he failed and refused to do. Then demand was made upon him to sign the written contract. His refusal was sufficient under the San Angelo case to justify the resort by his employees to striking and to picketing his place of business.

 Appellant complains that the pickets patrolling his place of business are not his employees. It seems that the picketing was begun by the waitresses but that it is now continued by men who are members of the union who at no time had ever worked for appellant. Appellant's employees, being on a strike against him, had the unquestioned right to picket his place of business in person. We know of no rule or principle of law which would deny these women the right to picket by representatives or proxy. R.S.Article 5153, which provides that any member of a trade union may induce or attempt to induce by peaceful and lawful means any person to accept any particular employment or to enter or refuse to enter or relinquish any employment in which such person may be engaged, but that such member shall not have the right to invade the premises of another without the consent of the owner, does not limit the right of such member to picket to exercising same in person. A law-abiding agent is a "lawful means" within the purview of the statute.

We are unable to say that the record in this case discloses that the learned trial court in any way exceeded his judicial discretion in refusing to issue a temporary writ of injunction.

 Judgment was entered refusing such temporary injunction, and appellant gave notice of appeal on January 13, 1941. On January 20, 1941, appellant filed a request in writing for the court to make findings of fact and conclusions of law. Appellant complains that the court did not comply with his request. There is nothing in the record to show that this request was called to the attention of the court. Error cannot be predicated upon the failure of the court to act upon such a request unless the record affirmatively discloses that after such a request was called to the attention of the court he failed to act on it. R.S. Article 2247, as amended in 1931, Vernon's Ann.Civ.St. art. 2247. Cain v. Cain, Tex. Civ.App., 134 S.W.2d 506; Ross v. Odom, Tex.Civ.App., 88 S.W.2d 1053.

The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.