## JONES v. BURKS.

### No. 13565.

Court of Civil Appeals of Texas. Dallas.

Sept. 29, 1944.

Rehearing Denied Oct. 27, 1944.

282

Thompson, Knight, Harris, Wright & Weisberg and William H. Neary, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, Justice.

Gene Burks, the appellee, sued M. P. Jones, appellant, to recover damages: (1) For slander; (2) for malicious prosecution,—two separate and separable causes of action controlled by different provisions of the venue statute. Appellant urged a plea of privilege to be sued in Harris County, where he claimed to reside at the time, which was controverted by appellee. After hearing evidence, the court sustained the contest and overruled the plea of privilege, from which this appeal was prosecuted.

At the outset we will dispose of a question raised by appellee, which he contends fully justified the action of the court and requires affirmance of the judgment; i. e., the contention is made that, whereas appellant in his plea of privilege alleged his residence to be in Harris County, the evidence showed that his residence was not in Harris, but in Dallas County. Without determining to what extent, if any, the question presented is of legal concern to the appellee, we have reached the conclusion that the evidence does not justify a finding that, at the time this suit was instituted, appellant's residence was other than as stated in the plea of privilege. He did not testify at the hearing, but relied upon the prima facie case made by the plea; and while there is ample evidence to justify the conclusion that at a time preceding the institution of the suit appellant's residence was in Dallas County, yet we do not think the evidence is sufficient to overcome the prima facie case made by the plea of privilege; i. e., that at the time suit was instituted his residence was in Harris County.

We will now examine the points of error urged by the appellant. In short, he contends that neither the allegations of appellee's controverting plea, nor the evidence introduced at the hearing, showed a valid cause of action for slander. The plea did not refer to or adopt the allegations of the petition, hence, in considering the question raised, we must look alone to the allegations of the plea. The pertinent allegations of the plea are these: "Plaintiff further respectfully shows to the Court that this suit was brought to recover of and from the defendant the sum of $20,000.00 damages resulting to plaintiff because of libelous and slanderous statements made about plaintiff by defendant, whereby defendant accused plaintiff of stealing a trailer; also malicious prosecution of plaintiff by the defendant and false imprisonment resulting therefrom, said defendant having maliciously and falsely accused and prosecuted defendant for theft, and having him arrested and deprived of his legal rights, plaintiff being innocent of charges made by defendant and all statements made by defendant were false and untrue, all resulting to plaintiff's damages in the sum of $20,000.00; and said suit being for the further sum of $20,000.00 as exemplary damages, all of said action and words on the part of defendant being willful, wanton and malicious, and being done to injure and damage plaintiff; that at the time of the accrual of plaintiff's cause of action as alleged in his petition, plaintiff resided in Rockwall County, Texas, and resided therein long prior thereto and still resides therein, and has resided therein at all times since the accrual of the cause of action as alleged in his Original Petition."

In support of the appellee's claim, based upon the allegations of slander, plaintiff introduced a Mr. Huddleston, who was asked:

"Q. State whether or not Mr. Jones has ever been to see you and made any request of you to testify in his behalf in the law suit pending by him against Gene Burks in Dallas County. A. He did. * * *

"Q. Will you state what he said to you, if anything, concerning your testimony? A. He come down there and told me that they had accused Mr. Burks of stealing the trailer, and I said, 'Which trailer is it?' and he said, 'The trailer I loaned Mr. Burks some money on,' and he said, 'Now what do you know about it, you know all about it, and I want to know.' * * *" S.F. 47–48. It was also shown that appellant made and filed a complaint charging appellee with the theft of a trailer; and, furthermore, that when he was canvassing as can-

didate for Commissioner of Rockwall County in 1942, persons asked him in regard to the accusation that he had stolen a trailer. The above constitute the allegations of the contesting plea and the supporting evidence.

■ We think the allegations show very specifically that appellant accused appellee of the crime of theft; i. e., that he had stolen a trailer; furthermore, it was shown that, at the time, appellee was a resident of Rockwall County, where the suit was filed. While the proof is rather meager, yet we think it sufficient to establish a prima facie case; hence conclude that the court did not err in sustaining the contest and overruling the plea of privilege insofar as the claim based upon slander is concerned.

■■ However, as to the cause of action for malicious prosecution, an entirely different situation is presented. The controverting plea fails to allege where the prosecution was begun, hence, we think was insufficient. Besides, the proof showed very clearly that the prosecution was begun in Collin County, based upon an affidavit made by appellant charging appellee with the theft of a trailer, that a warrant thereon was issued under which the sheriff of Rockwall County arrested appellee, who gave bond and later appeared before the grand jury of Collin County—which failed to present an indictment. These facts show very clearly that the district court of Rockwall County could not, over the protest of appellant, maintain venue of the cause of action for malicious prosecution. In the early case of Hubbard v. Lord, 59 Tex. 384, the Supreme Court held that a plaintiff could not sue for damages for malicious prosecution in the county wherein he was arrested, but that the county where the prosecution was begun at the instance of the defendant was the county of proper venue, and that the initial step in the prosecution was the affidavit charging the offense, upon which the warrant for arrest of the defendant was issued. This decision was cited with approval in Hilliard & Hilliard v. Wilson & Blum, 65 Tex. 286, 289.

It follows, we think, that the court erred in overruling the plea of privilege as to the alleged cause of action based upon malicious prosecution, but should have sustained the same, and, in that respect, transferred the cause to a court of proper jurisdiction in Harris County.

■ Counsel for appellant has devoted a considerable part of his able and exhaustive brief to questions that, in our opinion, are pertinent only upon trial of the causes upon their merits. Among other contentions urged is that because the record discloses that the cause or causes of action alleged were barred by limitation before the suit was instituted, the judgment of the trial court should be reversed. We do not think so. While it is true, the record does disclose that appellee's alleged cause or causes of action accrued more than a year prior to institution of the suit—hence barred when the suit was filed on January 31, 1944, that question is not properly before us on this hearing; but, being a defensive matter, may be urged in bar in the courts of proper venue on final trial of the cases. See 43 T.J. § 109, pp. 844, 845; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S. W.2d 810.

In harmony with these views, the judgment of the court below is affirmed insofar as it pertains to the action of slander, but is reversed insofar as it pertains to the action for malicious prosecution; is remanded to the court below with direction that it enter an order sustaining the plea and changing the venue of the cause in the respect mentioned, to the district court of Harris County, Texas; and, instead of sending the original papers, the clerk below shall make certified copies of file papers as directed by the court, and forward same to the clerk of the district court of Harris County.

■ In view of the disposition we have made of the cause, the costs incident to this appeal will be equally divided, and one-half taxed against each of the parties, for which execution may issue.

Affirmed in part; reversed and remanded in part.