**HUNTSVILLE INDEPENDENT SCHOOL DIST. et al. v. McADAMS et al.**

**No. 11940.**

Court of Civil Appeals of Texas. Galveston.

Dec. 11, 1947.

Rehearing Denied Jan. 8, 1948.

Bracewell & Tunks, of Houston, for appellants.

J. G. Davis and Gordon M. Burns, both of Huntsville, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Walker County granting an application of certain residents of the Huntsville Independent School District for a temporary injunction, restraining the Board of Trustees of the school district from selling or contracting to sell $350,000 in bonds which had been previously voted by the school district, until a final determination of this cause.

The material facts in the record are undisputed. On July 10, 1947, at a duly called and conducted election, the voters of the Huntsville Independent School District voted in favor of the issuance of $350,000 in school bonds for the purpose of constructing permanent school improvements within the district. On August 1, 1947, a petition signed by more than 20 qualified voters of the district was filed with the president of the board of trustees of said school district, requesting that the board call an election to revoke and cancel the authority of the trustees of the district to issue said bonds. On August 2, 1947, another petition containing the same request, also signed by a sufficient number of qualified voters of the district was filed with the president of the Board of Trustees of the district. At the time said petitions were filed, no part of said bonds had been sold or contracted to be sold; the transcript of the record upon which the issuance of the bonds would be predicated had not been submitted to the Attorney General for his approval and certificate, and the proposed bonds had not been issued, although the Board of Trustees had advertised that it would receive bids for their sale on August 5, 1947.

Appellants' first four points of error involve a judicial construction and interpretation of Article 2786a, Vernons' Ann. Civil Statutes, which provides that when any bonds which have been voted or issued by an independent school district remain unsold, the board of trustees of the school district may, upon its own motion or upon the petition of not less than 20 of its taxpaying voters, order an election to determine whether or not such bonds shall be revoked and cancelled.

Appellants contend that the Legislature, in enacting that statute, did not intend to require the board of trustees of a school district to call an election to cancel unsold bonds unless there had been some change in circumstances with reference to the need or desirability for the issuance of said bonds since the date of the election authorizing them, and that in this case no such change had been pleaded or shown by appellees.

While it may be necessary to construe said Article 2786a on the trial of this case on its merits, it has been uniformly held by the courts of this state that it is not within the province of an appellate court to consider matters which do not relate to the propriety of the order appealed, or to pass upon the merits of an action on appeal from an interlocutory order granting or refusing to dissolve a temporary injunction. 3 Tex.Jur. 1019, Section 723. In this case appellees have sought by injunction to maintain the status quo of the bonds in

question, pending the result of an election to determine whether they should be cancelled.

The order granting the injunction in this case expressly recited that: The court and the parties agree that the hearing should be confined to the application of plaintiffs for a temporary injunction, and the record shows that the court in his order made no decision with reference to any issue dealing with the merits of the case.

The case of Neill v. Johnson, Tex.Civ. App., 234 S.W. 147, is, we think, decisive of the issues presented in the appeal. In that case an injunction was sought to maintain the status quo of a sheriff's possession of an automobile which had been seized under the Dean Act. Defendants questioned the constitutionality of the act under which the automobile was seized. The trial court granted the temporary injunction but did not construe the Dean Act. The appellate court declined to pass upon the constitutionality of the act or to construe it and, in affirming the judgment of the trial court, held that it could only review the facts and law which had been passed on by the trial court.

The facts in the case of First Trust Joint Stock Land Bank of Chicago v. Hayes et al., Tex.Civ.App., 90 S.W.2d 331, are also similar to the facts in the instant case. It involved an appeal from an order granting a temporary injunction. The court in its opinion held that questions of fact or law would be considered only in so far as they prejudiced plaintiff's right, if any, to defeat the application for a temporary injunction, and that the only question before the court was whether the court erred in temporarily enjoining a sale of the land involved under the powers given in a deed of trust.

This suit was brought for the purpose of requiring appellants to call an election.

Pending the result of that election appellees sought by injunction to maintain the status quo of the bonds by preventing their sale. The order granting the injunction expressly states: "The court and the parties agree that the hearing shall be confined to the application of plaintiffs for a temporary injunction." The order made no reference to any issue dealing with the merits of the case.

The following authorities are in accord with the announced rule that, upon appeal from an interlocutory order granting a temporary injunction, it is not within the province of the court to pass upon the merits of an action or to consider any issue which, if decided, would, in effect, dispose of the entire case. 3 Tex.Jur. 1019; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Jones v. Burks, Tex.Civ.App., 183 S.W. 2d 281; Coffee v. Bank, Tex.Civ. App., 38 S.W.2d 187.

The granting or refusal of a temporary injunction is largely within the sound discretion of the trial court, and the court's action in granting or refusing the application is not subject to review upon appeal, unless it clearly appears from the record that there was an abuse of such discretion by the trial court. Houston v. Interstate Circuit, Tex.Civ.App., 132 S.W. 2d 903, 904; Nagy v. Bennett, Tex.Civ. App., 24 S.W.2d 778; Renfro v. Sperry, Tex.Civ.App., 134 S.W.2d 438.

The decision of the court in this case was made after a full and thorough hearing of the facts. The court granted the temporary injunction for the purpose of maintaining the status quo of said bonds pending the final disposition of the case. A consideration of the record convinces us that he did not abuse his judicial discretion in granting the injunction.

The judgment of the trial court is in all things affirmed.

Affirmed.