**FRANK et al. v. WEINER et al.**

No. 12184.

Court of Civil Appeals of Texas. Galveston.

March 23, 1950.

Mandell & Wright, Arthur J. Mandell, of Houston, for appellants.

Harry Dow and Raymond H. Wilson, both of Houston, for appellees.

GRAVES, Justice.

I., Leon, and Sol Weiner, doing business as "Weiner's Dry Goods Stores", brought suit, as plaintiffs below, against Mr. and Mrs. R. E. Klipper, the owners of a community-center building at 5301-5305 Telephone Road, Houston, Texas, of four store-units, and the three Franks, that is, Philip, Joe, and Sam Frank, doing business as "Frank Variety Stores", appellants herein, as lessees of Mr. and Mrs. R. E. Klipper of one of the units of such building, asking for a temporary injunction against appellants, as well as against Mr. and Mrs. R. E. Klipper, as such owners, restraining the three appellants from violating the restrictive-covenants contained in appellee-Weiner's lease with Mr. and Mrs. R. E. Klipper, upon one of the four store-units in such building.

The declared-upon theory of law for the injunctive relief sought was that Weiners', appellees', lease was in existence at the time that the Franks', appellants', lease in the same building with the same owners was negotiated and consummated, and that, at the time of the negotiation between Franks and the Klippers of the Franks' lease, the Franks, the appellants, had notice of the fact that the Weiners', appellees', lease was in existence; and, further, that they also had notice of the restrictive-covenants in the Weiner lease.:

The bill declared, further, that the Franks, after their occupancy of one of the

store-units in such building, began to violate the terms of the restrictions in appellees' lease with Mr. and Mrs. R. E. Klipper, and threatened to continue such violations.

The appellant-Franks, after extended objections and exceptions to the legal sufficiency of the appellees' pleadings, specifically denied every averment charging them with knowledge or notice of any such alleged lease-contract between the Klippers and the Weiners affecting such property, especially denying that they had ever known of the existence of any such claimed restrictive-covenants therein; indeed, they affirmatively asserted that the appellee-Weiners never in fact had any lease from the Klippers with any such claimed restrictions in it until months after their own lease with the latter had been independently in effect.

After a hearing upon the controversy, the trial court granted the appellees' application for a temporary-injunction, in an order, the controlling provision of which was this:

"It is accordingly ordered, adjudged and decreed that the clerk of this Court issue a writ of injunction pending final hearing and determination of this cause, restraining and enjoining Philip Frank, Joe Frank, and Sam Frank, defendants, from selling, in any portion of the premises belonging to Mr. and Mrs. R. E. Klipper, * * * dry goods and ready-to-wear, including shoes and the subordinate lines of toys (toys include bicycles, but excluded those toy items known and sold as specialty toys), notions and gift goods of a unit price of over $1.00 at retail; * * *".

The cause has been advanced in this court, pursuant to the statute.

 In this court, since the appeal is from an order of the court below, after a trial on the facts without a jury, and since no extrinsic findings-of-fact or law were either requested or filed, these two settled rules of decision are binding here:

(1) The sole question is whether the trial court abused its discretion in entering the appealed-from order. 24 Tex.Jur., Injunctions, paragraph 253; and cited authorities;

(2) Where there is some evidence of a substantial and probative character to support the findings and judgment rendered, they are controlling: Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 934; Machieck v. Renger, Tex.Civ.App., 185 S.W.2d 486 (error refused); Trigg v. Fambro, Tex.Civ. App., 184 S.W.2d 666; Prichard v. Farmers Co-op., Tex.Civ.App., 183 S.W.2d 240; 3-B Tex.Jur., page 457, sec. 941, page 390, sec. 917, et seq.; 3 Tex.Jur., page 507, sec. 355.

After going into the record, as well as after hearing oral arguments for both sides upon the submission of this appeal, this court concludes that there was before the trial court some evidence of the character indicated supra, on at least three material features of this controversy:

First, that the appellants, prior to their lease with the Klippers, had actual notice of the prior existence of the Weiner-Klipper lease and, in substance at least, of the restrictive-covenants therein contained.

Second, that the major one of such covenants was Paragraph 4 thereof, which, in material substance, was this: "It is contemplated by and between the parties that Lessees shall operate a general dry goods, merchandising, and ready-to-wear store, including the right to sell shoes and the subordinate lines of toys, notions and gift goods in the premises, and that no other portion of the Owners' building shall be leased for the same or similar type of business to third parties nor shall Owners permit the sale of like merchandise elsewhere in the building during the term of this lease or any extension or renewal period thereof."

Indeed, the testimony of the real-estate agents, who negotiated the two leases between the Klippers and the Weiners and the Franks, was indicative that the information indicated did go—at least in substance and practical effect—to both sides of this controversy, since they were thus granted leases in the same building to carry on different lines of business therein, with only an intervening store separating them, the one concern to handle "dry goods", and the other to operate a "variety store".

While, as indicated, the trial court made no formal, separately stated, findings-of-fact, or conclusions-of-law, it appears from the record that the court did, during the trial, at the close of the appellee-Weiners' testimony, state his findings to be that "the Franks had some notice of their being an outstanding lease to the Weiners, which might work some restrictions in a lease that they (the Franks) might secure", and that, at the close of the whole case, the court again stated, in substance, this: "The court is of the opinion that the facts as presented by the defendants (appellants) do not constitute the waiver of any rights secured to Mr. Weiner under his lease."

Third, that there was such evidence, further, to the effect not only that the appellee-Weiners' lease with the Klippers was so prior to that of the appellants with them, but also that it had been executed before a conversation between appellant Joe Frank and the witness Goss, one of such real-estate agents, to this effect: "Q. Now after negotiating this lease between the Klippers and the Weiners, did you negotiate a lease between the Klippers as owners and the Frank Variety Store? A. Yes, sir."

Whether or not the findings indicated in the foregoing were actually made by the court, they were presumably so made, under the operation of the principles of law stated supra, hence the trial court will be deemed to have made them in support of its judgment.

Further discussion is deemed unnecessary, since, under the conclusions stated, it cannot be held that the trial court violated a sound judicial discretion in issuing the temporary writ it did; wherefore, since the primary principle and objective of a temporary injunction is to maintain the status quo of the subject-matter of such a controversy until a final trial thereof (6 T. J.Supp., '37–'47, Injunctions, pages 3 and 4, paragraphs 9 and 10, and cited authorities), the parties may still thresh out their ultimate contentions in a final trial on the merits of this whole controversy.

The judgment will be affirmed.

Affirmed.