S. A. SHAW, Appellant,

v.

L. NACHMAN, Appellee.

No. 15474.

Court of Civil Appeals of Texas.

Dallas.

July 25, 1958.

Rehearing Denied Oct. 3, 1958.

Harold B. Berman, Dallas, for appellant.

Passman & Jones and Bill C. Hunter, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order granting a temporary injunction restraining appellant, S. A. Shaw, doing business as Famous Fashions, from selling children's apparel at his place of business in Buckner Park Shopping Center, a suburban business district in Dallas, Texas.

Both appellant and appellee, L. Nachman, have stores in the shopping center. They lease their premises from the same landlord, Buckner Park Shopping Center, a corporation.

Appellee, L. Nachman's lease, dated July 26, 1952, for a term of ten years, provides that the leased premises are "to be occupied and permitted to be occupied and used by lessee as a Children's Apparel Shop, and not otherwise, * * *". The lease also contains this covenant:

"19. It is understood and agreed that Lessor shall not enter into another lease agreement with an individual, partnership or Corporation for a space in Buckner Park Shopping Center for a Children's Apparel Shop or store."

Appellee opened his store September 1952.

Appellant Shaw's lease, dated October 1, 1957, for a term of one year, provides that the leased premises are "to be occupied and used by the Lessee as a Sample Store, Ladies Apparel & Accessories and not otherwise, * * *". Appellant's lease does not contain a covenant similar to the covenant above quoted from appellee's lease. Appellant opened his store in August 1957.

Appellee Nachman testified that in December 1957 he discovered that appellant was selling children's clothes. In January 1958 appellee sent a letter to both appellant Shaw and to the landlord calling attention to the covenant in appellee's lease and demanding that appellant cease to sell children's clothes. A short time thereafter appellee filed suit against appellant and the landlord, claiming that appellant is operating a children's apparel shop or store in connection with his business operation on his leased premises. The trial court refused to grant a temporary injunction against the landlord Buckner Park Shopping Center, a corporation, but granted a writ against appellant Shaw on the grounds that Shaw was wrongfully and intentionally interfering with appellee's lease contract with the landlord.

Appellant in six points on appeal asserts that the trial court erred (1) in finding that appellee has the exclusive right to sell children's clothing in Buckner Park Shopping Center, (2) in finding that appellant was selling children's clothing wrongfully and intentionally, (3) in failing to find that appellee had waived any alleged exclusive rights under his lease agreement, (4) in failing to find appellee guilty of laches, (5) in failing to find that appellee came into court with "unclean hands," and (6) granting an injunction which should have been denied under a balancing of the equities of the parties.

There is evidence in the record that appellant Shaw sells sample merchandise—women's clothes, including children's apparel. He says he does not operate exclusively a children's apparel shop, so does not interfere with appellee's covenant with the landlord. According to appellant at least three other stores in the Center, M. E. Moses's Variety Store, Normalee Shops, and Bill Benton's, have sold children's apparel for years without complaint from appellee. None of these stores is exclusively a children's store. Appellant further testified that appellee with knowledge that appellant was selling children's

clothes, let appellant build up a large and profitable business in such merchandise before protesting or taking any legal action to stop him.

On the other hand there is evidence that when appellant signed his lease in July 1957 he knew of the covenant in appellee's lease, having been informed of it in the course of his negotiations for his own lease. Nevertheless he began selling children's apparel as soon as he opened his store in August 1957.

There is also evidence that appellee was not aware that appellant was selling children's clothes until December 1957 when one of appellee's customers by mistake came into appellee's store to exchange merchandise bought from appellant; and that appellee was not aware until approximately the time of the trial that M. E. Moses, Normalee Shops, and Bill Benton had been selling children's clothes. He testified that he proposes to take action against them too.

We shall not go further into detail concerning the evidence for the reason that material fact issues are presented which cannot be determined in a hearing on a temporary injunction, but must await a trial on the merits. Suffice it to say that after a consideration of the evidence as a whole we find no sufficient basis for holding that the trial court abused its discretion in granting the temporary injunction. Under appropriate circumstances temporary injunctions may properly be granted in cases of alleged wrongful interference with contractual rights. A case in which the material facts are similar to the facts in this case is Frank v. Weiner, Tex.Civ.App., 229 S.W.2d 186. See also Carpenters and Joiners Union of America, Local No. 213 v. Ritter's Cafe, Tex.Civ.App., 138 S.W.2d 223–228; Henke & Pillot, Inc., v Amalgamated Meat Cutters & Butchers Workmen, etc., Tex.Civ.App., 109 S.W.2d 1083–1085; Hollingsworth v. Texas Hay Ass'n, Tex. Civ.App., 246 S.W. 1068; Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W.

800, 62 L.R.A. 962; Brown Hardware Co. v. Indiana Stoveworks, 96 Tex. 453, 73 S.W. 800; 24–A Tex.Jur. 151, 230; 25 Tex.Jur. 31, 40.

The judgment of the trial court is affirmed.

Affirmed.