**Levoy MUSICK, Relator,**

v.

**Honorable Wilmer B. HUNT, District Judge, et al., Respondents,**

**No. 14159.**

Court of Civil Appeals of Texas.

Houston.

Jan. 28, 1963.

C. C. Divine, Houston, counsel for relator.

Bracewell, Reynolds & Patterson, Robert I. Peeples, Houston, for all respondents except Judge Hunt.

WERLEIN, Justice.

This is an original proceeding filed in this Court by Relator, Levoy Musick, applying for a writ of prohibition against the Honorable Wilmer Hunt, Judge of the 133rd Judicial District Court of Harris County, Texas, and a writ of injunction against Arch Hollingsworth, Trustee, and Bracewell, Reynolds & Patterson, and Ted Musick, as agents and attorneys of Hollingsworth.

Relator avers that the respondents, whom he seeks to enjoin, filed an affidavit in Cause No. 594,300, which is a trespass-to-try title suit instituted by said respondents and now pending in the 151st Judicial District Court of Harris County, charging that relator was in disobedience of a temporary injunction granted in said cause restraining him from taking possession of or attempting to take possession of certain lands, and from going on or about the same and from attempting to gain possession by force or otherwise of any property which is the subject matter of such trespass-to-try title suit. Relator also avers that pursuant to such affidavit a judgment of attachment was granted against relator returnable to the 133rd Judicial District Court for a hearing before such court on December 14, 1962 at 9 o'clock a. m., and that such hearing would proceed unless restrained and prohibited by order of this Court.

Relator further alleges that the order granting such temporary injunction was and is invalid and that said District Court has no authority to hear said complaint of contempt, and that relator had no adequate remedy other than to petition this Court for a writ of prohibition against said Honorable Wilmer Hunt and any other District Judge of Harris County from hearing any affidavit of contempt involving said injunction order, the appeal from such injunction order having been perfected in this Court prior to relator's alleged violation of such order as shown in said respondents' affidavit charging contempt.

In the affidavit filed by said respondents it is alleged that the writ of injunction was duly served on relator on November 9, 1962, and that he had refused to obey the same, and had on December 7, 1962, accompanied by several others, proceeded to go on or about the premises known as the 618.7 Acre Tract and the premises known as the G. A. Parker 100 Acre Tract, and attempting to gain possession of said premises, harassed the occupants thereon by locking a gate leading into said premises and by placing himself near the gate with a loaded double barrel shot gun; that relator refused to let Mrs. Paul Carter, occupant of said premises, return to her house after she had delivered her children to the school bus line, and had otherwise disobeyed said injunction which specifically restrained the said relator from going on or about the premises or attempting to gain possession of the G. A. Parker 100 Acre Tract or of said 618.7 Acre Tract in the William White Survey.

This Court, on December 13, 1962, issued a temporary restraining order restraining the judge of the 133rd Judicial District

Court of Harris County from proceeding to hear said contempt proceedings against relator until such time as this Court could determine whether a writ of prohibition and writ of injunction should issue as prayed for by relator, and also restraining said respondents from prosecuting said contempt proceedings or filing any other affidavits of contempt in any District Court of Harris County pending such determination by this Court.

It is relator's contention that the injunction granted against him is invalid. He further contends that this Court and not the District Court has jurisdiction to hear and determine the contempt proceedings brought against him since such proceedings have grown out of alleged violations of said temporary injunction occurring after perfection of his appeal from the order granting such injunction, and after the jurisdiction of this Court had fully attached.

In Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487, Justice Greenwood, speaking for the Supreme Court, stated:

"After the jurisdiction of the Appellate Court attached, it alone was clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal, as well as to enforce its own final judgment, unless or until such judgment was subjected to review by a higher court. The district court could exercise no such authority while power to consider and determine these very matters lay exclusively in a higher court."

In Ex parte Duncan, 1936, 127 Tex. 507, 95 S.W.2d 675, the court said:

"When an appeal was taken from the order granting a temporary restraining order by the trial court to the Court of Civil Appeals, the order was not suspended, and the Court of Civil Appeals acquired jurisdiction of the matter. Where the Court of Civil Appeals acquires jurisdiction of a question, that court has the right and power to issue all writs necessary to enforce and protect its jurisdiction."

The court, in International Ladies G. W. Union No. 123 v. Dorothy F. Co., Tex. Civ.App., 97 S.W.2d 379, distinguished that case from the case of Ex parte Klugsberg, 126 Tex. 225, 87 S.W.2d 465, saying:

"We think this case (Ex parte Klugsberg) in no way affects the numerous decisions in this state holding in effect that, pending an appeal from an order granting a temporary injunction, the appellate court and not the trial court has jurisdiction to punish as for contempt of court any disobedience of such injunction. One of the most recent decisions to this effect is the case of Ex parte Travis, 123 Tex. 480, 73 S.W.(2d) 487."

The court also observed that Justice Critz expressly distinguished the Klugsberg case from the Travis case, and referred to a case in which the Texarkana Court of Civil Appeals had correctly announced that "After the appeal is thus perfected * * * then the trial court loses its power in respect to those things which might trench on the appellate functions, and the jurisdiction of the Court of Civil Appeals attaches." See also Valerio v. Laughlin, Tex.Civ.App.1957, 307 S.W.2d 352; 3 Tex.Jur.2d, pp. 597–601, §§ 340–342.

We have concluded in light of the foregoing authorities that the trial court has no authority to pass upon the validity of the temporary injunction granted by it or to punish as for contempt of court any disobedience of such injunction pending the appeal from the order granting such temporary injunction.

It is, therefore, ordered that Relator's petition for writ of prohibition and writ of injunction be granted.