**Ex parte Levoy MUSICK.**

**No. 35583.**

Court of Criminal Appeals of Texas.

May 15, 1963.

Rehearing Denied June 19, 1963.

Bracewell, Reynolds & Patterson by Robert I. Peeples, Houston, for respondents.

Trueman O'Quinn, Austin, C. C. Divine, Houston, for petitioner.

WOODLEY, Presiding Judge.

This is an original petition for habeas corpus attacking an order of the Court of Civil Appeals for the First Supreme Judicial District adjudging the petitioner guilty of contempt and ordering his confinement in jail for 72 hours.

We set the matter for hearing upon the representation that Justices of the Supreme Court had expressed doubt as to their jurisdiction to issue the writ.

Bond was allowed and the case has been briefed and argued.

As we understand the record, a temporary injunction was issued in a trespass to try title suit pending in the 151st Judicial District Court of Harris County. The petitioner herein perfected his appeal from such temporary injunction but filed no supersedeas bond. The appeal is pending in the Court of Civil Appeals.

While the appeal was so pending, the petitioner refused to obey the injunction and affidavit was filed in the 151st Judicial District Court alleging certain acts of the petitioner herein which constituted violations of the court's order.

The petitioner herein applied to the Court of Civil Appeals for and was granted a writ of prohibition and injunction restraining Hon. Wilmer Hunt, Judge of the 133rd District Court, who entered the temporary injunction order, and any other District Judge of Harris County, from proceeding with the contempt hearing. Musick v. Hunt, District Judge, et al., Tex.Civ.App., 364 S.W.2d 252.

Thereafter, upon affidavit filed in the Court of Civil Appeals, the petitioner was held to be in contempt and committed to jail. In this proceeding he attacks the order of the Court of Civil Appeals by habeas corpus.

We refer to the opinion above cited for a fuller description of the proceeding in which the temporary injunction was issued and cite the case, as well as the authorities cited therein, to sustain our conclusion that the Court of Civil Appeals had the authority to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the same pending the appeal.

The judgment of the Court of Civil Appeals reflects that the acts alleged in the affidavit filed in that court which were in violation of the injunction occurred and were committed by the petitioner while the appeal from the injunction was pending in said court, and finds that the petitioner wilfully, intentionally and contemptuously violated said injunction and was guilty of contempt in the respects set out in the contempt order.

The question of the validity of the temporary injunction order is one of the questions to be decided in the pending appeal by the Court of Civil Appeals, subject to review by the Supreme Court. We decide only that the Court of Civil Appeals

was not without jurisdiction to enter the order under which the relator was confined for contempt while the appeal was pending.

In the absence of any showing that the Court of Civil Appeals was without jurisdiction to enter the order, the petition for writ of habeas corpus is denied.