Levoy **MUSICK**, Appellant,

v.

Arch **HOLLINGSWORTH**, Trustee, et al., Appellees.

No. 14151.

Court of Civil Appeals of Texas.

Houston.

Dec. 12, 1963.

504

C. C. Divine, Houston, for appellant.

Bracewell, Reynolds & Patterson; Robert I. Peeples, Houston, for appellees.

WERLEIN, Justice.

This is an appeal by Levoy Musick from a temporary injunction decreed by the trial court ancillary to pending Cause No. 594,-300 brought by Arch Hollingsworth, Trustee, et al., against J. B. Lucas et al., in trespass-to-try title and to remove clouds upon the title to certain lands in Harris County, Texas, including a tract of 618.7 acres in the William White Survey, Abstract 829, and a tract known as the G. A. Parker 100 Acre Tract in said survey. The said Levoy Musick is the only defendant who has appealed.

It is sufficient to say that the evidence shows that appellees are in possession of some or all of the property involved in this suit; that appellant has been trying to obtain possession thereof by virtue of certain writs of possession and restitution issued in connection with other suits; that some eleven suits have been filed involving the subject matter of this suit or related subject matters, and that about five of such suits are still pending; that the litigation between the parties hereto has become quite complicated involving disputed questions of fact and law; and that the attempts by appellant herein to obtain possession of the property in question either by virtue of said writs or by resort to force might result in bodily injury to some one or more of the parties connected with or affected by the litigation, as well as property damage. The trial court, in granting the injunction, stated that the testimony demanded it, and that he thought that somebody would get hurt if he did not grant the temporary injunction.

The injunction, among other things, enjoins appellant, pending final hearing and determination of Cause No. 594,300, from going on or about the premises in question or attempting to gain possession of the premises known as the G. A. Parker 100 Acre Tract, from attempting to take possession of such premises or ousting those living thereupon by force or under any process of law, and from attempting to gain possession by force or otherwise of any of the property which is the subject matter of the present suit.

Appellant's first two Points of Error, which are briefed together, assert that plaintiffs' petition in trespass-to-try title is insufficient to confer upon the court jurisdiction of the parties, and does not state a cause of action in any of the plaintiffs which would permit recovery in the capacity in which they sue. These points are over-ruled.

Subsequent to the granting of the temporary injunction in question, this Court had occasion to hear a contempt proceeding growing out of a violation thereof after the appeal from said temporary injunction had been perfected in this Court. In holding appellant in contempt of the temporary injunction, this Court stated in its order: "The said 133rd District Court had jurisdiction over the cause in which said judgment of injunction was rendered and had jurisdiction to render said judgment of injunction and to issue a writ of injunction thereon and said judgment and writ are not for any reason void, but remain in full force and effect." See Levoy Musick v. Honorable Wilmer B. Hunt, District Judge, et al., Tex.Civ.App., 364 S.W.2d 252; and Ex parte Musick, Tex.Cr.App., 368 S.W.2d 211. The record in the present appeal clearly shows that the trial court did have jurisdiction of the parties, and that the plaintiffs' amended petition and amended application for a temporary injunction are sufficient to entitle plaintiffs to sue in the capacity in which they sue herein.

■ There is no merit in appellant's Points 3 and 4. The injunctive relief granted herein does not undertake to determine who is entitled to the possession of the property in question. It merely undertakes to maintain the status quo during the pendency of the main cause of action. The granting of a temporary injunction ancillary to the principal cause of action in order to preserve the status quo, has not infrequently been recognized as a proper procedure. City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709; Shelton v. Palmer Grove Methodist Church, 1955, Tex. Civ.App., 279 S.W.2d 917; Lowe & Archer, Texas Practice, Injunctions, Sec. 331, p. 345.

■ The law is well settled that the granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the trial court. Accordingly, the scope of appellate review is limited to the narrow question of whether the action of the trial judge in granting the injunction constitutes a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Railroad Commission v. Shell Oil Company, Inc., 146 Tex. 286, 206 S.W.2d 235; Janus Films, Inc. v. City of Fort Worth, 1962, 163 Tex. 616, 358 S.W.2d 589. Appellant has no point or assignment to the effect that the granting of the temporary injunction in question constituted a clear abuse of discretion of the trial court. There is nothing with respect thereto before this Court.

■ The present suit involves serious and complicated controversies which should be determined upon a final hearing of the case on its merits. They may not be determined on a hearing on an application for temporary injunction brought to preserve the status quo during pendency of the principal cause of action. Transport Co. of Texas v. Robertson Transports, Inc., 1953, 152 Tex. 551, 261 S.W.2d 549; James v. E. Weinstein & Sons, 1929, Tex.Com.App., 12 S.W.2d 959; Anderson v. Tall Timbers Corporation, 1961, 162 Tex. 450, 347 S.W.2d 592.

Judgment of the trial court is affirmed.