METROPOLITAN CONSTRUCTION COM-
PANY, Inc., et al., Appellants,

v.

Louis L. WHITE et al., Appellees.

No. 16993.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1969.

DeVore, Bagby, Ashworth, McGahey, Ross & Burnett, Arlington, for appellants.

Day & Gandy, Fort Worth, for appellees.

## OPINION

RENFRO, Justice.

Action in the nature of a derivative suit was brought by Louis L. White and James F. Garvin, individually and on behalf of Progress Group Investments, Inc., and all other stockholders similarly situated against Leon M. Huff, Jack N. Crowson, Metropolitan Construction Company, Big Southwest One, Inc., and Progress Group Investments.

Plaintiffs' claims were for (a) cancellation of certain shares of stock, (b) damages, (c) accounting and, (d) rent allegedly due upon certain premises.

They prayed for a temporary injunction restraining Huff, Crowson, Metropolitan Construction Company and Big Southwest One, Inc., from occupying, rent free, the building known as PIC Tower, during the pendency of the suit.

At the conclusion of a full hearing the temporary injunction was granted.

Those defendants affected by the order have appealed.

■ On this appeal we are concerned only with the propriety of the action of the court in granting the temporary injunction. Art. 4662, Vernon's Ann.Civ.St.; Rule 385, Texas Rules of Civil Procedure; Lawless v. Big State Land Company, 301 S.W.2d 958 (Tex.Civ.App., 1957, no writ hist.); Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725 (1958).

■ The granting or refusing of a temporary injunction is within the sound discretion of the district court and that court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. Harding v. W. L. Pearson & Co., 48 S.W.2d 964 (Tex.Com.App., 1932).

The discretion exercised by the trial court is not attacked in this court by point of error or otherwise.

■ On appeal of an order granting a temporary injunction the review does not extend to the merits of the case, but is limited to the question of abuse of discretion. Lawless v. Big State Land Company, supra; Tipton v. Hotel and Restaurant E. I. A. Local No. 808, 149 S.W.2d 1028 (Tex.Civ. App., 1941, no writ hist.); Huntsville Independent School Dist. v. McAdams, 207 S.W.2d 165 (Tex.Civ.App., 1947, ref., n. r. e.); Iden v. Lippard, 153 S.W.2d 642 (Tex. Civ.App., 1941, no writ hist.); 31 Tex.Jur. 2d, § 12, pp. 47–8.

■ To warrant the issuance of a temporary injunction the applicant need only show a probable right and a probable injury. He is not required to establish that he will finally prevail in the litigation.

We have carefully studied the transcript and statement of facts. There is some evidence of a substantial and probative character to support the order entered by the trial court.

■ Viewing the evidence in the light most favorable to the judgment and indulging every legal presumption in favor of the judgment, as we are required to do, Frank v. Weiner, 229 S.W.2d 186 (Tex.Civ. App., 1950, no writ hist.); Bond v. Owen, 257 S.W.2d 833 (Tex.Civ.App., 1953, no writ hist.); Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W.2d 819 (Tex.Civ.App., 1952, ref., n. r. e.), we find and hold that the trial court did not abuse its discretion in granting the temporary injunction.

Affirmed.