**WESTERN HILLS THEATERS, INC.,**
Appellant,

v.

**MOTION PICTURE MACHINE OPERATORS LOCAL UNION NO. 330**
et al., Appellees.

No. 17424.

Court of Civil Appeals of Texas,
Fort Worth.

April 27, 1973.

Sears, Parker, Quisenberry & Spurlock, Franklin R. Sears, Fort Worth, for appellant.

Mullinax, Wells, Mauzy & Baab, Inc., L. N. D. Wells, Jr., and James L. Hicks, Jr., Dallas, for appellees.

## OPINION

LANGDON, Justice.

This is an interlocutory appeal from a judgment denying the appellant's request for a temporary injunction. The trial court refused to enjoin peaceful picketing conducted since November 9, 1972, near the appellant theater's box office, in a shopping center in Fort worth.

Plaintiff-Appellant, Western Hills Theaters, Inc., seeks a permanent injunction and actual and exemplary damages allegedly resulting from defendant union's picketing of plaintiff's theater at a place immediately in front of the theater building.

Pending trial of the damage action, plaintiff sought a temporary injunction prohibiting the picketing. The trial court denied temporary injunction. The case remains pending on the merits. This appeal is from the denial of temporary injunction based upon five (5) points of error.

By its first two points the appellant contends that the trial court erred in relying upon Amalgamated Food Employees Union Local 590 et al. v. Logan Valley Plaza, Inc., et al., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968), rather than applying the doctrine enunciated by the United States Supreme Court in Central Hardware Company v. NLRB, 407 U.S. 539, 92 S.Ct. 2238, 33 L.Ed.2d 122 (1972).

By its points three through five the appellant is asserting the trial court erred (3) in "extrapolating 'recent enactments of the Texas Legislature'" to sanction the trespasses upon plaintiff's property; (4) in being persuaded that plaintiff's charges against defendants filed with the NLRB had any bearing upon the case at bar seeking to enjoin common law trespassing; and (5) in refusing to follow well-settled principles of state law applicable to wilful trespass and injunctive relief therefor.

We affirm.

■ In cases involving an appeal complaining of the denial by the trial court of a temporary injunction, this Court may not examine the merits of the case. It must confine itself to examination of the issue of a "clear abuse of discretion" on the part of the trial court. Metropolitan Construction Co. v. White, 438 S.W.2d 433 (Fort Worth Civ.App., 1969, no writ hist.); Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); 31 Tex.Jur.2d, Injunction, p. 345, § 224, with cases there cited.

In the case of Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962), the Court said that "In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.

W.2d 235. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460."

 The points of error relied upon by the appellant make no complaint that the trial court's denial of the temporary injunction constituted an abuse of its discretion and therefore have no relation to the permitted scope of review by this Court. Musick v. Hollingsworth, 373 S.W.2d 503 (Houston Civ.App., 1963, no writ hist.); and Metropolitan Construction Co. v. White, 438 S.W.2d 433 (Forth Worth Civ. App., 1969, no writ hist.).

 This Court is also required to view the evidence in the light most favorable to the action of the trial court and indulge every legal presumption in favor of its judgment.

In applying the above test, we find and hold that the trial court was correct in relying upon the case of Amalgamated Food Employees Union Local 590 et al. v. Logan Valley Plaza, Inc., et al., supra, rather than upon the case of Central Hardware Company v. NLRB, supra.

 We further find and hold that the trial court did not abuse its discretion in entering the order it did.

 In further support of the position of this Court it is to be noted from the record that the appellant alleged irreparable injury but failed to present any proof in support of this allegation which is essential in such actions as this.

 In the absence of allegations and proof of inadequacy of a remedy at law, no injunction may issue. Wilson v. Whitaker, 353 S.W.2d 945 (Houston Civ.App., 1962, no writ hist.); Grayson Enterprises,

Inc. v. Texas Key Broadcasters, Inc., 388 S.W.2d 204 (Eastland Civ.App., 1965, no writ hist.); Hancock v. Bradshaw, 350 S.W.2d 955 (Amarillo Civ.App., 1961, no writ hist.); Spradley v. Whitehall, 314 S.W.2d 615 (Fort Worth Civ.App., 1958, no writ hist.); and see also cases cited at Vol. 6 Texas Practice, Second Edition (Lowe) —Remedies, Injunctions and other Extraordinary Proceedings, § 114, pp. 157–160; 31 Tex.Jur.2d, pp. 105–115, § E, "Availability, Adequacy, and Exhaustion of Other Remedies," §§ 43–47, and cases there cited.

Because of the nature of this appeal and in view of the cited authorities, we overrule, without discussion, the five points of error presented by appellant.

The judgment of the trial court is accordingly affirmed.