Tom COVINGTON et al., Appellants,

v.

Robert ZIESENHEIM et ux., Appellees.

No. 17416.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 9, 1973.

liver an appropriate release to appellees simultaneously with appellees' payment to appellants of the debt due the appellants as found by the trial court.

This appeal from the action of the court is based upon five points of error. The points are based upon abuse of discretion in entering the order because of insufficient pleadings; insufficient evidence, failure to comply with Rule 683, Texas Rules Civil Procedure, and in holding the executory contract and 1301b, Vernon's Ann. Civ.Stat. to be controlling.

We see no necessity in discussing each of the points involved in view of our disposition of the appeal. It will suffice to state that we have considered each of them.

Banner & McIntosh and Tom A. Neely, Wichita Falls, for appellants.

George W. Anderson, Jr., Wichita Falls, for appellees.

## ON MOTION FOR REHEARING

LANGDON, Justice.

The original opinion of this Court dated October 12, 1973, is withdrawn. The opinion to follow will be substituted in lieu of the original opinion.

## OPINION

This suit is one for temporary injunction to restrain and enjoin appellants' foreclosure by private sale under a deed of trust covering certain real estate. A temporary restraining order was granted. After notice and hearing the trial court, sitting without a jury, granted its order of injunction forbidding any action of foreclosure by appellants, Franklin Coufal and Tom Covington, Substitute Trustee, until such time as the appellants shall execute and de-

We affirm the judgment of the trial court in granting the temporary injunction to the extent only that it serve to hold matters in status quo pending a hearing of the cause of action on the merits. The holdings of the court exceeding this purpose are reversed. See McLennan & Hill Counties, Etc. v. Hurst, 378 S.W.2d 946 (Waco Civ.App., 1964, no writ hist.); City of Tyler v. Television Cable Service, Inc., 481 S.W.2d 166 (Tyler Civ.App., 1972, no writ hist.); Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417 (1959); Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953); Evans v. Young County Lumber Company, 368 S.W.2d 783 (Fort Worth Civ.App., 1963, no writ hist.); and Musick v. Hollingsworth, 373 S.W.2d 503 (Houston Civ.App., 1963, no writ hist.).

The judgment of the court is accordingly affirmed in part and reversed in part. The cause is remanded to the trial court for trial on its merits.