UNITED COIN METER COMPANY, INC., Appellant,

v.

SAVANNAH GARDENS, INC. OF TEXAS, Appellee.

No. 19323.

Court of Civil Appeals of Texas, Dallas.

June 10, 1977.

Edward S. Koppman, Akin, Gump, Hauer & Feld, Dallas, for appellant.

John R. Henderson, David J. White, Stalcup, Johnson, Meyers & Miller, Dallas, for appellee.

ROBERTSON, Justice.

This appeal is from the denial of a temporary injunction. United Coin Meter Company, appellant, has sued Savannah Gardens, Inc. of Texas, appellee, seeking to permanently enjoin the forfeiture of its alleged leasehold interest in the laundry rooms of the Redbird Village Apartments owned and operated by appellee. United Coin applied for a temporary injunction due to appellee's threat to remove the laundry equipment now serving the apartments. The trial court denied temporary relief, and United Coin now appeals. We affirm.

On December 15, 1970, a deed of trust was executed by the general partner of the Redbird Village Apartments, which conveyed the legal title to the property upon which the apartments were located to a trustee. On December 30, 1970, the partner executed an agreement whereby he allegedly leased the laundry rooms of the apartments to United Coin for a ten-year term. The trustee subsequently foreclosed on the property, and after a series of conveyances, appellee purchased the apartments on October 31, 1974. When United Coin contacted appellee regarding renewal of the lease, appellee attempted to disclaim the lease, stating that it had been terminated by the foreclosure sale. Further, appellee asserted that it had never ratified the lease and that United Coin was, at best, a tenant from month to month whose rights were subject to termination at any time. When appellee threatened eviction, United Coin sued to enjoin the ouster.

The resolution of this case hinges upon two basic issues. The initial question is whether the foreclosure sale has terminated United Coin's rights under the original lease and, if so, whether appellee ratified the original lease after it purchased the property. If United Coin has rights under the lease, it must then be determined whether injunction is a proper remedy for the protection of those rights or whether an adequate remedy at law exists for damages.

Each party has presented authorities both here and at trial which allegedly support their respective positions. Citing *Beutell v. United Coin Meter Co.*, 462 S.W.2d 334 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.), United Coin urges that its occupancy at

the time the premises were conveyed charged appellee with constructive knowledge of the original lease terms and that by accepting rentals after the purchase, appellee ratified the original lease. On the other hand, appellee urges that ratification cannot be premised upon constructive knowledge; rather, citing *Frazier v. Wynn*, 472 S.W.2d 750, 753 (Tex.1971), it asserts that ratification can only occur when the approving party has full and actual notice of the original lease terms. Regarding the adequacy of legal remedies, United Coin asserts that injunctive relief is available to a lessee of real estate to prohibit improper interference with possession. Two of our cases are cited to support this argument: *Shaw v. Nachman*, 316 S.W.2d 163 (Tex.Civ. App.—Dallas 1958, no writ), and *Grady v. Fryar*, 103 S.W.2d 1080 (Tex.Civ.App.—Dallas 1937, no writ). Appellee denies that the lease in question involves an interest in real estate and urges us to follow the more recent decision of *United Coin Meter Co., Inc. v. Johnson-Campbell Lumber Co.*, 493 S.W.2d 882 (Tex.Civ.App.—Fort Worth 1973, no writ) which, on facts similar to this case, affirmed a denial of injunctive relief because damages were an adequate remedy.

■ We decline to address these issues on this appeal since we conclude that the trial judge had discretion to reserve these questions for final trial. Each issue raises substantial questions of law and fact which the judge, in his discretion, could properly reserve until full development of the facts and law at a plenary trial. *Town Plaza Fabrics, Inc. v. Monumental Properties*, 544 S.W.2d 775, 776 (Tex.Civ.App.—Dallas 1976, no writ); *Irving Bank and Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 687–88 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). Decision of these questions on this appeal would be premature, for the ultimate legal rights of the parties should not be determined on interlocutory review. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421 (1959); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953); *Irving Bank and Trust Co. v. Second Land Corp., supra*, 544 S.W.2d at

688. We merely hold that appellee's showing cast sufficient doubt on United Coin's right to injunctive relief to invoke the trial judge's discretion to deny a temporary injunction. We emphasize that our decision is based upon the present record and does not determine any issue that may be presented at the final trial on the merits. As in most interlocutory appeals, the record is less complete than one made at a plenary trial.

■ Moreover, appellant's claim of irreparable injury is not supported by a showing that it could not obtain an early trial on the merits of his application for permanent injunction, with damages for whatever temporary loss it might experience meanwhile. Presumably, the trial court would have given the suit for injunction such precedence as the circumstances require. So far as appears, appellant has not even requested a trial setting. Without information about the probable trial date, we cannot say that the court abused its discretion in reserving decision on the present questions until complete development of the facts. *See Town Plaza Fabrics, Inc. v. Monumental Properties, supra.*

The order of the trial court denying the temporary injunction is affirmed.